284 So.2d 869 (1973)
Lalise Gassen DUBROC
v.
Earl James DUBROC.
No. 5808.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Reed, Reed & Reed, Floyd J. Reed, New Orleans, for plaintiff-appellant.
David L. Morgan, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, STOULIG and SCHOTT, JJ.
SAMUEL, Judge.
The parties in this original suit, Lalise Gassen Dubroc and Earl James Dubroc, were divorced from each other a number of years ago. Custody of the two children born of their marriage, Leslie Marie Dubroc and Effie Jean Dubroc, was given to the mother and the father was condemned to pay her alimony for their support. Thereafter each parent entered into a second marriage.
*870 When Act 98 of 1972, which amended and reenacted Civil Code Article 37 and reduced the age of majority from 21 years to 18 years, became effective on July 26, 1972 Leslie was 19 years of age and Effie was 18 years of age. Following proceedings in the district court initiated by Mr. Dubroc the child support payments to Mrs. Dubroc were terminated under that act. The two daughters then filed suits against their father to compel him to pay them alimony. After trial there was judgment in favor of Mr. Dubroc and against his two daughters, dismissing those suits. Leslie Marie Dubroc did not appeal from the judgment.[1] Effie Jean Dubroc did appeal and her appeal is the matter now before us.
The facts are not in dispute. Mr. Dubroc earns approximately $150 per week. At the time the matter was tried Effie was a senior in a public high school. She anticipated graduating in January, 1973. Her only expenses in connection with her schooling were graduation activities and other fees totaling approximately $40 to $50 per semester. She had no income of her own; but she lived with her mother and her stepfather, who furnished her with all of the necessities. She was in good health and, we are satisfied from the record, physically and mentally capable of working for a living.
The question presented is whether Effie is entitled to support from her father. The law relative thereto is contained in the following articles of the Civil Code:
"Persons of the age of eighteen years shall be considered of full age and until they attain that age, shall be minors. A person who is eighteen years of age or older shall be regarded as being fully emancipated, shall be considered adults and shall have the same rights, duties, responsibilities and capacities as persons who are twenty-one years of age or older." LSA-C.C. Art. 37, as amended and reenacted by Act 98 of 1972.
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children." LSA-C.C. Art. 227.
"Children are bound to maintain their father and mother and other ascendants, who are in need; and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal.
They are also bound to render reciprocally all the services which their situation can require, if they should become insane." LSA-C.C. Art. 229.
"By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it.
It includes the education, when the person to whom the alimony is due, is a minor." LSA-C.C. Art. 230.
"Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it." LSA-C.C. Art. 231.
Insofar as education alone is concerned, we must and do conclude that under our present law parents are under the obligation of educating only their minor children; when the children reach the age of majority that obligation no longer exists. Civil Code Article 227 has application only to minor children[2] and the second sentence of Civil Code Article 230 makes it clear that education is included in the alimony required to be paid only when the person to whom the alimony is due is a minor. Therefore, as Effie is no longer a minor under the present provisions of Civil Code Article 37, her father is no longer obligated to furnish her with an education.
*871 The remaining issue to be decided is whether the appellant is "in need" within the contemplation of Civil Code Article 229 so as to require that her father pay her alimony.
Unlike Article 227, which relates only to minor children, Article 229 has application to those who have attained the age of majority.[3] Under the 1972 amendment to Article 37 a person who has attained the age of 18 years is fully emancipated and occupies the same position as a person who had attained the age of 21 years under the prior law.[4] As we understand Article 229, a person "in need" is one who is unable to support himself either by gainful employment or because he does not have property or other means sufficient for that purpose. If the 18 year old person is capable of gainful employment, he is not in need.[5]
Planiol gives us the clearest definition of "in need" we have been able to find. In discussing Article 208 of the Code Napoleon, which is the same as our Civil Code Article 231,[6] he states only two conditions are necessary in order to warrant granting of the alimony now under discussion:
"(1) The creditor of the alimony must be in need, i. e. he must not be in a position to secure, by himself, some means of support.

(2) The debtor must be able to pay the alimony." 1 Pt. 1 Planiol, Traite' E'lémentaire De Droit Civil, No. 674 (emphasis ours).
In the instant case it is clear that Effie has no property or other means sufficient for her support. But it is equally clear she is capable of gainful employment. As we have stated, she is mentally and physically able to work for a living, to secure, by herself, that means of support. Therefore, she is not "in need" within the meaning of Civil Code Art. 229.
We reach our conclusion with reluctance, particularly with regard to education. However, under our present law no other conclusion is possible. Any change in that law is a matter which addresses itself to the legislature and not to the courts.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Leslie was a college student who worked part time earning a take-home salary of $68 per week.
[2] Tolley v. Karcher, 196 La. 685, 200 So. 4.
[3] See footnote 2.
[4] Fellows v. Fellows, La.App., 267 So.2d 572.
[5] See Elchinger v. Elchinger, La.App., 135 So.2d 347.
[6] We also note that, in all respects here material, our Civil Code Article 229 and Code Napoleon Article 205 are the same.