PRIjCE, Judge.
This is an appeal from a judgment ordering an increase in. the amount of child support payable by the father of two minor children to his estranged wife.
Carol Ramsey, plaintiff herein, obtained a separation from defendant, Clifford Wayne Ramsey, in December, 1972. She was awarded custody of the two minor children and the sum of $40.00 per week for their support. No alimony was provided for plaintiff but her right in this regard was reserved.
The subject rule was filed in July, 1973, asking for an increase in the amount payable by defendant because of alleged changes in the needs of the children. Defendant was personally served with the rule to show cause but failed to appear on the date set for trial of the rule, August 3, 1973. On this date, after hearing testimony by plaintiff showing she was unemployed and needed at least $60.00 to $65.00 per week to maintain the children, the trial judge ordered the support increased from $40.00 to $75.00 per week. Defendant filed a motion for a new trial, alleging plaintiff did not present sufficient evidence to show an actual change in expenditures for the children since the original award was made and that her testimony misrepresented his earning and ability to pay. The motion for new trial was denied by the trial judge and defendant thereafter perfected this appeal.
Although defendant asserts multiple assignments of error on behalf of the trial court, the three principal specifications made by him are:
1. The plaintiff did not present sufficient or proper proof of a change in her need for additional, support for the children to warrant the court granting her any increase.
2. The trial court did not consider the evidence submitted by defendant showing his financial inability to pay the amount awarded.
3.The amount awarded exceeds the estimate of need shown in plaintiff’s testimony.
Defendant complains primarily that the evidence presented by plaintiff on trial of the rule does not show specifically any change or increase in expenses for the children but consists merely of her own testimony to the effect that her own expenses have increased since the original award was made. He further complains that she did not file an itemized list of her present expenses for the children to show a detailed comparison with the written itemization tendered in the original proceeding fixing child support. Admittedly the evidence presented by plaintiff is minimal and does not clearly separate increases in expenses for the children from her own personal expenses. This evidence standing unrebutted is not however lacking to the extent we should find an abuse of the wide discretion accorded a trial judge in such matters.
As pointed out by this court in Blanchard v. Blanchard, 209 So.2d 513 (La.App. 2nd Cir. 1968):
“The person demanding an increase must, however, prove such an increase is warranted and the determination of whether this burden of proof has been met is within the sound discretion of the trial judge.”
There is testimony by plaintiff that her housing costs has increased because of the failure of defendant to continue paying the house note in accord with an understanding between the parties. Plaintiff also testified to an increase in cost of dental care for one of the children. Although there is no testimony in this regard, it is apparent the ages of the children have increased and that a substantial increase has occurred in *913 the cost of living since the original award was made. Plaintiff testified she is unable to be employed and has no earning capacity herself. These fact@rs must be given proper weight in determining whether the trial judge has committed manifest error in the exercise of his discretion.
Defendant complains the trial judge gave no consideration to his evidence showing a lack of ability to pay the amount of the increase. The evidence defendant has reference to must necessarily relate to that presented by him on the hearing of his application for a new trial. The record before us does not contain a transcription of any testimony taken at the hearing, and the only documentary evidence is a copy of a corporate income tax return of Monroe Cab Company, Inc. This instrument of itself is not fully explanatory of defendant’s total income. Without some testimony in the record to further explain the tax return relied on by defendant, we do not find he has sustained the burden of showing an inability to pay, thus necessitating a new trial.
We find defendant’s last specification of error well taken. Plaintiff testified she needed a total of between $60.00 and $65.00 to accommodate the needs of the children. In her petition asking for an increase she does not ask for any specific amount. We therefore find the award of $75.00 is not in accord with plaintiff’s own testimony and should be reduced to the sum of $65.00 per week.
For the foregoing reasons the judgment appealed from is amended to reduce the amount of support payable by defendant for his two children to the sum of $65.00 per week, and as amended is affirmed.
Costs of this appeal are to be paid by defendant.