338 So.2d 178 (1976)
Phyllis WOODS, Plaintiff-Appellant,
v.
R. J. WOODS, Defendant-Appellant.
No. 13015.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1976.
Rehearing Denied, November 1, 1976.
Emmons, Henry & Reeves by Joseph A. Reeves, Jr., Jonesboro, for plaintiff-appellant.
*179 Baker, Culpepper & Brunson by Donnie G. Brunson, Jonesboro, for defendant-appellant.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied, November 1, 1976.
MARVIN, Judge.
In a divorce action not contested here, the lower court increased the monthly alimony award to the wife from $111 (made in separation proceedings about a year before) to $150, as "permanent" alimony. The wife appeals seeking an increase in the award of the lower court.
The pendente lite monthly alimony of $111 was based on the amount of a monthly note for an automobile the wife received in a subsequent community property settlement. In the instant case, the divorced husband's disposable monthly income (after taxes and other mandatory deductions) was found to be $1,100. For permanent alimony determination, the divorced wife's needs were found to be $500 per month. See Bernhardt v. Bernhardt, 283 So.2d 226 (La. 1973).
Mrs. Woods (the divorced wife) has income from two businesses which the court considered in reaching the eventual award. One business, a sole proprietorship, is engaged in framing pictures and similar objects d'art. It is not disputed that the framing business produces Mrs. Woods a net income averaging $50 per month. Mrs. Woods' second business is a partnership selling antiques. She owns one-half of this business, which is encumbered with a $10,000 debt. In the partnership's 1974 tax return, this business showed a gross profit of $7,600. The net income (or ordinary income after deductions on the tax return) was $2,400 or $1,200 to each partner. These amounts are respectively taxable to each partner and it is readily apparent that Mrs. Woods' income after taxes, from this business is something less that $100 per month.
The trial court misconstrued the tax return for the partnership. In written reasons for the award, the lower court recited Mrs. Woods' income at $50 per month from the framing business and "$300 per month from the antique business."
Considering that the monthly needs of Mrs. Woods were found to be $500 and her monthly income is not more than $150 per month, we amend the award made below to increase it from $150 to $350 monthly. We approve the lower court's observation that the award may be modified as circumstances may warrant, such as an increase in the income of Mrs. Woods from her businesses.
At appellee's cost, judgment as amended, is
AFFIRMED.