339 So.2d 1299 (1976)
Mary Jane PHILLIPS
v.
Richard E. PHILLIPS.
No. 10950.
Court of Appeal of Louisiana, First Circuit.
November 15, 1976.
*1300 Jack N. Rogers, Baton Rouge, for appellee.
Paul T. Thompson, Baker, for appellant.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
This is a suit brought in the form of a rule nisi by Mary Jane Phillips, the adult daughter of the defendant, Richard E. Phillips, to require him to pay her alimony for support in the amount of $300.00 per month.
The father filed various exceptions, including one alleging that the Family Court did not have jurisdiction ratione materiae and another alleging that the use of summary process was improper. The trial judge overruled all of the exceptions, heard the testimony and ordered the defendant to pay to his daughter "temporary alimony conforming to her present need in the sum of $75.00 per month." The issue of the Court's rulings on the exceptions was not raised on appeal. Furthermore, in view of our conclusion, we need not consider them.
The plaintiff, whose parents are divorced, is 22 years old. Her need for support arises because she is pursuing an education in accounting at Louisiana State University, leading shortly to a degree in that field. While attending college, she is employed part-time at Sears in the catalog department earning about $170.00 per month, which sum is not adequate for her needs. She is above the age of majority, in good health, and physically and mentally capable of gainful employment to support herself. The only reason that she is unable to work full-time is that she is attending college. The law does not support the order of the Court; therefore, we must reverse.
Appellant pays his wife and their two minor sons some alimony under an order of court. He has had little or no contact with his former wife and his children since 1970. He is employed at Ethyl Corporation as an engineering superintendent at a reasonably adequate salary and could easily assist his daughter in her pursuit of higher education if he wanted to do so. Mr. Phillips testified at the trial that he felt no sense of obligation to support his daughter and that he would not voluntarily help her. His position is re-affirmed in the appellant's brief, wherein it is set forth that the defendant "is of sound mind and of sound body with an income capable of meeting the needs of his daughter, the appellee-respondent (the plaintiff-appellee). However, it is against his desires to do so."
The appellant contends that a father has no obligation to educate his adult child. See LSA-C.C. arts. 227, 229, 230; Demarie v. Demarie, 295 So.2d 229, 231 (La.App. 3 Cir. 1974); Dubroc v. Dubroc, 284 So.2d 869, 870 (La.App. 4 Cir. 1973). The second sentence of Civil Code Article 230 makes it clear that education is included in the alimony required to be paid only when the person due the alimony is a minor.
In Demarie, a child over the age of 18 who was attending high school filed suit in his own behalf to obtain alimony. The adult child was in his final year of high school, currently unemployed and without funds. He was capable of gainful employment, and had earlier worked part-time. The Court, finding that the adult child's need for support was based entirely on his need to get a high school education, denied alimony saying:
"The father is no longer required to provide for his eighteen year old son's education since the son is now a major. C.C. art. 229 does not require parents to educate their adult children. They are bound to provide for needy descendants, just as these descendants are reciprocally bound to support their needy ascendants. Art. 229 cannot be used as an extension of the obligations owed under arts. 227 and 230, which terminate upon the child reaching the age of majority. To obtain support under art. 229, the descendant must show need. Gregory (the plaintiff) failed to establish that need.

*1301 "The rights of majority have been granted to eighteen year olds. With these rights come the obligations of majority. Gregory has not shown his entitlement to support under art. 229 by the mere fact that he is in high school. The educational requirements of arts. 227 and 230 are not superimposed upon art. 229.
"Under other circumstances a high school student may show need under art. 229. Each case must be decided upon its own merits. In order to meet the burden of proof required under art. 229 one must establish some need other than that for a high school diploma."
In Dubroc, an 18 year old child who was a senior in high school was seeking alimony from her father. The adult child was living with her mother and stepfather, who furnished her with all of the necessities. She had no income of her own and was unemployed. She was in good health, and physically and mentally capable of working for a living. The Court held that a father was not obligated to support his adult child who was in high school but was capable of gainful employment, and said:
"Insofar as education alone is concerned, we must and do conclude that under our present law parents are under the obligation of educating only their minor children; when the children reach the age of majority that obligation no longer exists."
Thus, we see the present state of the law on this question is that a child who has attained the age of eighteen has no right to obtain support from his parents in order to secure an education. See The Work of the Louisiana Appellate Courts for the 1973-1974 Term, 35 La.L.Rev. 259, 265 (1975).
Nevertheless, in an attempt to sustain the Family Court's decision, the appellee contends that the present claim is not for "an education," but for "assistance in meeting the totality of life's expenses and obligations." And, that "the fact that plaintiff is going to school should be considered part of her `necessities' of life."
This question was specifically dealt with in the Dubroc case, supra, wherein the Court concluded that a destitute high school student of the age of majority who was mentally and physically able to work for a living to secure for herself a means of support was not "in need" within the meaning of the codal articles.
In Dubroc the Court observed:
"As we understand Article 229, a person `in need' is one who is unable to support himself either by gainful employment or because he does not have property or other means sufficient for that purpose. If the 18 year old person is capable of gainful employment, he is not in need. "Planiol gives us the clearest definition of `in need' we have been able to find. In discussing Article 208 of the Code Napoleon, which is the same as our Civil Code Article 231, he states only two conditions are necessary in order to warrant granting of the alimony now under discussion:
'(1) The creditor of the alimony must be in need, i. e. he must not be in a position to secure, by himself, some means of support.

(2) The debtor must be able to pay the alimony.' 1 Pt. 1 Planiol, Traite Elementaire De Droit Civil, No. 674." (Emphasis by the court).
In the instant case it is clear that the plaintiff is fully capable of supporting herself within the contemplation of the law. Therefore, she is not "in need" within the meaning of Civil Code Article 229. This decision is made based on the particular facts in the instant case, as suggested by appellee and supported by Vinet v. Vinet, 184 So.2d 33 (La.App. 4 Cir. 1966) and Chaisson v. Dominque, 175 So.2d 902 (La. App. 3 Cir. 1965). It appears to us that the argument for a part-time working college student to receive alimony from a parent is far weaker than the case for an unemployed high school student, who was denied alimony in Demarie and Dubroc, supra.
While we might be inclined to think a father worthy of the name will always generously support and encourage his child's reasonable educational ambitions, the law wisely leaves his generosity as a *1302 matter between him and his own conscience. The law declines to force a parent to contribute to his adult child's education or to give support to his adult child who is capable of self-support.
We need but add that this is not a case for invoking "equities," as the plaintiff would have us do. This is not a Civil Code Article 21 situation; the law is not mute. On the contrary, it speaks trenchantly and in stentorian tones. Although it may say words that our ears wish not to hear, we must listen and heed.
Consequently, we reverse the judgment of the Family Court, dated February 17, 1976, which condemned the defendant to pay alimony to the plaintiff in the amount of $75.00 per month, and dismiss the plaintiff's suit. All costs are to be paid by the plaintiff-appellee.
REVERSED.