356 So.2d 491 (1977)
Noelie Matulich McCARSTLE
v.
Louis Henry McCARSTLE.
No. 11641.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
*492 Michael A. Cavanaugh, Baton Rouge, of counsel, for plaintiff-appellant.
Fred H. Belcher, Jr., Baton Rouge, of counsel, for defendant-appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed the denial of a change of custody of a minor child.
The issues presented are:
(1) Jurisdiction;
(2) Error in maintaining the father in custody as being "in the best interest of the child."
We affirm.
In his brief filed in this court plaintiff for the first time raises the question of jurisdiction on the basis of Odom v. Odom, La., 345 So.2d 1154 (1977). There are several reasons we must hold we and the lower court have jurisdiction. First, the question has been raised only in brief. Second, La. C.C.P. Art. 10 bases jurisdiction of custody cases upon domicile or presence of minor in this state. It is clear that the domicile is outside the state, but there is no evidence that the child was not in the state.
Plaintiff contends that the court's holding of refusal to change custody resulted from both legal error and from abuse of its discretion.
She asserts that the trial court erred in shifting to the "best interest of that child" test after using the "double burden" test[1] in analyzing the case.
One who seeks change in a custody award that resulted from a considered decree bears a heavy burden to show the welfare of the child is better served by the change. Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972). In Monsour v. Monsour, La., 347 So.2d 203 (1977), the Supreme Court stated:
"In the case of Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) we agreed with a trial judge who found that the child's mother had reformed, and that awarding custody to the reformed mother was in the child's best interest. There we reaffirmed the rule that when an award of custody has been made, the party seeking the change must prove `that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed.' " (Emphasis added)
A mechanical application of the "double burden" test is not required; the best interest of a child is the main consideration.
In his Reasons for Judgment, the trial judge expressly denied application of the "double burden" test, but proceeded to make an express finding of fact that the environment and circumstances of the father's home were not ". . . deleterious to the child . . ." He then expressed his reluctance to change the custody from the father to the mother after almost two years. This consideration, although not conclusive, is a relevant factor, State v. Courtney (1st Cir., 1965), 178 So.2d 489. We find no error in applying legal principles.
Plaintiff also asserts that the trial judge abused his discretion. Wide discretion is given the trial judge because of the very difficult decision involved in custody challenges. Stevens v. Stevens, (1st Cir., 1976), 340 So.2d 584. While there were *493 serious problems concerning the mother's visitation rights, there was very little evidence of any damaging conditions existing in the environment and surroundings of the child. Instead, there was ample evidence that the present surroundings are at least as good as the plaintiff could provide. The plaintiff's emotional stability and standard of living has improved dramatically from the time of the custody decree in favor of the father. However, the law requires more than a showing of improvement by the party seeking custody.
Abuse resulted, too, so plaintiff contends, in giving insufficient weight to the testimony of the psychiatrist. Expert testimony is to be weighed by the trier of fact in the same manner as other evidence. Galloway v. Gaspard, 340 So.2d 579 (1st Cir. 1976) and cases cited therein. We find no error.
We cannot say that the lower court abused its discretion.
The judgment is affirmed. Plaintiff-appellant is cast with the costs of this appeal.
AFFIRMED.
NOTES
[1] ". . . it is incumbent upon the party requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody." Decker v. Landry, 227 La. 603, 80 So.2d 91, 92 (1955).