SARTAIN, Judge.
Defendant-in-rule, Daniel Adam Delatte, has brought this appeal from a judgment ordering that the custody of his two minor daughters be shifted from him to his former wife, Doris Soudelier Delatte. Daniel and Doris Delatte were married on July 5, 1967. Two daughters were born of their marriage: Rona, now age seven, and Danielle, now age six. Daniel and Doris lived together until October, 1972. On March 11, 1975, Daniel filed a suit for divorce based upon two years living separate and apart. He was granted a divorce on September 17, 1975. Doris was granted legal custody over the children at this time; they had been living with her since October, 1972. Doris and Daniel both subsequently married second spouses. In November, 1976, they appeared before an attorney and signed a consent judgment transferring custody of the children to Daniel. The consent judgment was presented to the judge as a joint motion and order and was duly signed on December 2, 1976. On May 3, 1977, Doris filed the present rule to change custody. After trial, judgment was rendered ordering the custody of Rona and Danielle transferred to their mother. We affirm.
*975 We first must determine what burden of proof to impose on plaintiff-in-rule to obtain a change in custody. Appellant does not dispute that the so-called “double burden” is inapplicable because the judgment of December 2, 1976, was not a considered determination. Gulino v. Gulino, 303 So.2d 299 (La.App. 1st Cir. 1974). He argues, however, that even an uncontested award of custody should not be modified absent a change in circumstances. We are aware of no authority specifically requiring changed circumstances and appellant has not cited us to any. We choose not to adopt any such new and inflexible rule in child custody cases. In fact, the most recent jurisprudence recognizes that “rules” such as the “double burden” itself are not inflexible criteria but rather guides to determining the best interest of the child. McCarstle v. McCarstle, 356 So.2d 491 (La.App. 1st Cir. 1977) (No. 11,641 on our docket).
Appellant also urges that the trial judge erroneously applied a strict maternal preference rule. Since the trial judge did not assign reasons for his judgment we are unable to determine to what extent, if any, his decision was based on a maternal preference rule. Although it has often been stated that the mother has a paramount right to the custody of her children and that she should be awarded custody absent exceptional circumstances, e. g., Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), the more recent and better view is that the paramount consideration is always the best interest of the child. Nethken v. Nethken, 307 So.2d 563 (La.1975); Stevens v. Stevens, 340 So.2d 584 (La.App. 1st Cir. 1976).
We will not presume that the trial judge gave the children to the mother contrary to their best interest. A finding that under the facts of this ease the best interest of the children would be served by granting custody to their mother is not an abuse of discretion, Although the father is better off financially, his job requires that he be absent from home for extended periods of up to twenty days per month. The mother was shown to have written several checks with insufficient funds and to have had marital problems in her second marriage. However, by the time of trial, both of these problems had been corrected. Both parents were shown to love the children and to be able and willing to provide them with a good home. Since, under such a state of the facts, a judgment awarding custody to the mother is not an abuse of discretion, we affirm the judgment of the trial court at appellant’s cost.
AFFIRMED.