375 So.2d 118 (1979)
Charles Henry COWEN, Jr., (Defendant-in-Rule and Appellant),
v.
Maxwell Ann Duson COWEN, (Plaintiff-in-Rule and Appellee).
No. 6989.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
Rehearing Denied August 16, 1979.
*119 Cline, Miller, Richard & Miller, Jack D. Miller, Rayne, for plaintiff-appellant.
Aaron, Aaron & Chambers, J. Donald Aaron, Crowley, for defendant-appellee.
Before WATSON, STOKER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff brought this action by rule, seeking a judgment against defendant, her former husband, making executory certain arrearages in his monthly child support payments and increasing the amount of those payments. Defendant has appealed from a judgment of the district court, granting those requests.
Plaintiff challenges the jurisdiction of this court to entertain this appeal. She has filed a motion to dismiss, asserting that the motion for appeal and order incidental thereto were premature. Judgment on this rule was rendered and signed in district court on September 12, 1978 and certified copies of it were mailed to all parties on September 18, 1978. On September 26, 1978, defendant filed a timely motion for a new trial. Thereafter, on October 10, 1978, he filed a motion for appeal, which was granted by an order signed on that date. The motion for new trial was subsequently dismissed by an order signed on November 6, 1978.
Plaintiff argues that LSA-C.C.P. Article 2087 prohibits the granting of an order for appeal until after the dismissal of a timely motion for a new trial. Article 2087 provides in part:
"Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of: . . .
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
The following provision, LSA-C.C.P. Article 2088 provides that the jurisdiction of the trial court is divested once an order of *120 appeal is granted, except for certain enumerated matters, which do not include the granting of new trials. The logic of prohibiting a new trial of a matter properly before an appellate court is readily apparent. Under this provision, a motion for a new trial court cannot remain pending in the trial court after a valid order of appeal has been granted.
If the motion for the new trial had been filed by plaintiff, we would have no difficulty holding that the order of appeal was null and void. To hold otherwise would be to sanction a denial of plaintiff's rights as a litigant. However, both motions were filed by defendant, and under these circumstances, we hold that he waived any right that he might otherwise have had to a new trial by seeking an order which divested the trial court of its jurisdiction. Plaintiff has not shown that defendant's inconsistent actions have prejudiced her, and we know of no way in which they have. Therefore, plaintiff's motion to dismiss is denied.
Having found that this court has jurisdiction we may now proceed to discuss the merits of this case. Plaintiff and defendant were divorced by a judgment of the district court, dated November 6, 1972. Pursuant to that judgment, plaintiff was granted permanent custody of the three minor children of the marriage and defendant was ordered to pay to plaintiff $250.00 per month for the maintenance and support of plaintiff and the children.
Plaintiff now seeks an increase in these monthly payments, on the grounds that defendant's income and the expenses of caring for the children have both greatly increased since their divorce in 1972. She has itemized her total monthly expenses and attributes $639.61 to the care of the children and $430.49 to her own maintenance, with a total of $1,077.83. The breakdown of expenses appears to us to be reasonable and unexaggerated. Plaintiff is a public school teacher with a net monthly income of $768.94. In addition, last year she received a refund from state and federal income tax withholdings which averaged about $68.00 per month, giving her a total monthly income of $836.49.
Defendant also points out that she pays $75.45 per month into the Louisiana Teacher's Retirement System. Whether or not this contribution is voluntary has not been established, however, we need not concern ourselves with that issue. Let it suffice to say that we believe that such a modest allowance for one's future economic security is a necessary expense and should not be considered part of her usable income. We note that defendant is similarly expending $170.00 per month of his present income for an insurance policy on his life, rather than applying it to his immediate expenses.
At the time of the divorce, defendant was earning about $800.00 per month. He has since changed jobs and remarried. He and his present wife have a combined monthly income of $2,585.73 gross and $2,077.32 net. Together, they are supporting two minor children of her prior marriage, one of whom suffers from cerebral palsy. According to defendant, the special needs of this child increase their monthly expenses, which he alleges total $1,929.19 per month. The father of these children contributes $200.00 per month for their support, which is reflected in the net monthly income noted above. When asked at the trial why their father did not contribute more in view of the extraordinary expenses involved, defendant testified that it was his understanding that he was unable to do so, because he had subsequently remarried and had two other children.
Also living with defendant is his son, Henry, the oldest child of his first marriage. He left plaintiff's household and has been living with and at least partially supported by defendant since some time in 1975. Defendant began reducing his monthly child support payments to plaintiff by $50.00 per month, when his son began living with him, allegedly to help defray the additional expenses of having his son in his household and providing for his education. This accounts for the $1,650.00 in arrearages, which plaintiff now claims. The trial court found that she was entitled to this amount but allowed defendant a credit for an additional *121 $200.00, which he gave to her on one occasion.
The issues to be determined by this court are:
(1) Whether the increase in child support ordered was an abuse of the trial court's discretion, and
(2) Whether defendant is liable for the arrearages, despite his expenditures in behalf of his son.

I
The obligation of supporting, maintaining and educating their children is imposed on both parents by law. LSA-C.C. Article 227. When alimony is awarded in fulfillment of this obligation, it must be granted in proportion to the needs of the child and the circumstances of the parent who must pay it. LSA-C.C. Article 231.
As noted earlier, we are satisfied that the expenses itemized by plaintiff reasonably reflect the current cost of raising the two minor children who remain in her care. She will have to contribute a substantial part of her salary in order to meet those not covered by the increase in child support ordered by the trial court. Furthermore, her day-to-day duties as a mother, such as preparing meals, washing clothes, providing transportation, etc., are an additional contribution by her to the parties' mutual obligation of support. Ducote v. Ducote, 339 So.2d 835 (La. 1976); Neel v. Neel, 365 So.2d 34 (La.App. 4th Cir. 1978).
Defendant emphasizes the extent of his current expenses and obligations, particularly those attributable to the fact that he has remarried and wishes to help support his present wife's children. These are, indeed, circumstances which must be considered by a court in awarding child support. LSA-C.C. Article 231. Marcus v. Burnett, 282 So.2d 122 (La.1973). However, after carefully considering the totality of these circumstances, including the substantial increase in defendant's salary, we do not believe that the trial court abused its wide discretion by ordering an increase of $75.00 per month, despite the fact that plaintiff has one less child to support.

II
The issue of defendant's liability for the arrearages was settled by the following language of our Supreme Court in Halcomb v. Halcomb, 352 So.2d 1013 (La.1977):
". . . However, unless automatic reduction, modification or termination is provided for by operation of law, the award remains enforceable notwithstanding that a cause for reduction may have occurred which would, upon proper suit, warrant such a reduction. Support for this rule is found in a proper regard for integrity of judgments. Such a regard does not condone a practice which would allow those cast in judgment to invoke self-help and unilaterally relieve themselves of the obligation to comply. Any other rule of law would greatly impair the sanctity of judgments and the orderly processes of law. To condone such a practice would deprive the party, in whose favor the judgment has been rendered, of an opportunity to present countervailing evidence, and at the same time deny the judge an opportunity to review the award in light of the alleged mitigating cause which had developed since its rendition."
Having failed to employ the proper procedure for amending the prior judgment of the district court, defendant's obligations under it are now fixed and not subject to alteration by this court.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.