391 So.2d 1304 (1980)
Suzanne Noland HOWELL, w/o Evan Park Howell,
v.
Evan Park HOWELL.
No. 11357.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1980.
Rehearing Denied January 19, 1981.
*1305 Ronald P. Whittington, Kenner, for Evan Park Howell, appellant.
Henican, James & Cleveland, C. Ellis Henican, Jr., New Orleans, for Suzanne Noland Howell, appellee-respondent.
Before BOUTALL, SCHOTT and SARTAIN, JJ.
BOUTALL, Judge.
This appeal arises from a judgment of the trial court in changing the awards of child custody, alimony, and child support granted in a previous consent judgment.
The plaintiff, Evan Park Howell, was married to the defendant, Suzanne Noland Howell on June 3, 1961. Of the union three children were born. Marital relations between these two parties broke down in 1975 resulting in a judgment of separation by default in favor of Mrs. Howell and which awarded to her custody of the 3 minor children. More than 1 year later, on December 30, 1976, Dr. Howell obtained a judgment of divorce a vinculo matrimonii by default. On March 9, 1977, judgment of permanent custody of the minor children was entered in favor of Mrs. Howell. Also, Dr. Howell was ordered to pay permanent child support in the amount of $750 per month and permanent alimony in the amount of $350 per month. One year later, in response to motions by both parties for changes in both the alimony and child support awards, the trial court entered judgment increasing the award of child support to $850 per month and made no change in the award of alimony. Subsequently these parties sought a second change in the trial court's permanent award of alimony and child support. On July 7, 1978, a consent judgment was entered requiring Dr. Howell to pay alimony in the amount of $500 per month and child support in the amount of $400 per month. Additionally, Dr. Howell was required to pay the school expenses of the 3 minor children, their medical and dental expenses and an allowance for each child.
In the case before us, Dr. Howell filed a motion for a change of custody for his minor daughter Elizabeth Howell and for a reduction in the amount of alimony and child support. Mrs. Howell responded by requesting that there be no change in the consent judgment previously entered or, in the alternative, that the awards of alimony and child support be increased. This matter came for hearing on Nov. 16, 1979. The trial court entered judgment awarding custody of Elizabeth Howell to her father, and changing the previous awards of alimony and child support to the amounts of $400 and $500 per month respectively. Additionally, Dr. Howell was required to pay the school, dental, medical expenses of the other two children remaining in the custody of Mrs. Howell. From this judgment, Dr. Howell has appealed devolutively, assigning as error the ruling of the trial court as to alimony and child support. Mrs. Howell answered the appeal requesting that she be granted custody of the minor child, Elizabeth Howell, and that the amounts of alimony and child support be increased.

I
The first issue before us for consideration concerns the validity of the trial court's judgment changing the previous award of custody of the minor child Elizabeth Howell from her mother to her father. LSA-C.C. Art. 157 (as amended in 1979) establishes the standard to be used in determining the award of permanent custody. It states: "In all cases of separation and divorce, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent." The standard is no longer the maternal preference or double burden rules as they are merely aids in determining what in fact is in the best interest of the children. *1306 Schexnayder v. Kincke, 372 So.2d 742 (4th Cir. 1979); Delatte v. Delatte, 358 So.2d 974 (1st Cir. 1978); McCarstle v. McCarstle, 356 So.2d 491 (1st Cir. 1977). Furthermore, it is well established that the conclusion reached by the trial court in child custody cases is entitled to great weight and will not be disturbed unless there has been a clear showing of an abuse of discretion. Howard v. Howard, 339 So.2d 1275 (1st Cir. 1976); Stevens v. Stevens, 340 So.2d 584 (1st Cir. 1976); Schexnayder, supra.
A review of the testimony in the record reveals that Elizabeth Howell is 15 years of age and a sophmore in high school. Approximately 6½ months before the trial of this matter, Elizabeth moved in with her father. Her change of residence, though voluntary and with the consent of her mother, was precipitated by the somewhat strained relations between Mrs. Howell and her daughter. Prior to her departure, Elizabeth indicated to her mother on several occasions that she would prefer to live with her father. Mrs. Howell responded by suggesting that Elizabeth should move in with her father. The discontent existing between Mrs. Howell and her daughter is supported by the fact that they see one another only one or twice a month. The lifestyle being provided to Elizabeth by her father is financially better than most children her age as it includes personal use of a car, countryclub membership, and fashionable clothes. Despite the above evidence there is no doubt that Mrs. Howell continues to have a deep love and concern for her daughter.
In view of the foregoing evidence, we conclude that the trial court did not abuse its discretion in finding that the interests of Elizabeth Howell would be served best by changing the award of custody from her mother to her father.

II
A second issue presented for consideration is the validity of the judgment of the trial court in reducing the award of permanent alimony from $500 to $400 and in increasing the award of permanent child support from $400 to $500.
The Louisiana jurisprudence establishes that a consent judgment of alimony is not subject to modification unless a change of circumstances supporting the modification is proved. Bernhardt v. Bernhardt, 283 So.2d 226, 229 (La.1973); Johnson v. Johnson, 357 So.2d 69 (4th Cir. 1978). This rule applies to child support awards as well as alimony awards. Laird v. Laird, 363 So.2d 244 (4th Cir. 1978); Gennaro v. Gennaro, 306 So.2d 756 (4th Cir. 1975). The change in circumstances must occur during the period of time between the date of the consent judgment and the date of the rule for modification of the award of child support and alimony. Bernhardt, supra. The party requesting a modification of a support award bears the burden of proving a change in the financial condition of one of the parties. Cole v. Cole, 338 So.2d 152 (2d Cir. 1976); Rachal v. Rachal, 250 So.2d 560 (1st Cir. 1971). Finally, the jurisprudence clearly establishes the rule that an award of alimony and child support are within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Nicolle v. Nicolle, 308 So.2d 377 (4th Cir. 1975); Fakouri v. Perkins, 322 So.2d 401 (3rd Cir. 1975).
Regarding the modification of the alimony award, a review of the evidence reveals that there has been a change in the monthly income of Mrs. Howell between the time of the award of alimony in the consent judgment and the date of the rule for modification of this form of support. Formerly, Mrs. Howell's net earnings were approximately $700 per month. At the time of the rule, her net earnings were approximately $900 per month. This increase in monthly income is a sufficient change in circumstances to warrant a modification of the award of alimony. Woods v. Woods, 338 So.2d 178 (2d Cir. 1976). Accordingly, the trial court in reducing the award of permanent alimony from $500 to $400 did not abuse its discretion.
In considering the child support award, LSA-C.C. Art. 227 establishes that both *1307 parents have the obligation of supporting, educating, and maintaining their children. Alimony awarded in fulfillment of this obligation must be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. Art. 231. Cowen v. Cowen, 375 So.2d 118 (3d Cir. 1979). Moreover Ducote v. Ducote, 339 So.2d 835 (La.1976) establishes that: "* * * * if the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit." Also see Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953).
In Cowen v. Cowen, supra, the above rules were applied. There the wife sought an increase in the award of permanent alimony and child support from the in globo award of $250 per month on the grounds that the husband's income and the expenses of the children had increased greatly since the previous award. In the interim between the time of the previous award of support and the rule for increase in support, the oldest of the 3 minor children left the mother's household and went to live with the father. The facts further reveal that the husband's income increased from $800 per month to approximately $2,077. In considering the wife's motion the court upheld the trial court's judgment increasing the award of support. The court stated:
"* * * * after carefully considering the totality of these circumstances, including the substantial increase in defendant's salary, we do not believe that the trial court abused its wide discretion by ordering an increase of $75.00 per month, despite the fact that plaintiff has one less child to support."
In the case before us the evidence reveals that the income of Dr. Howell has increased substantially. At the time of the consent judgment, his income was approximately $2,500 per month and at the time of the rule his income increased to a minimum of $6,000 per month. This represents an increase of $3,500 per month. The evidence further reveals that the second child of the marriage, Elizabeth, has transferred her residence from her mother's home to that of her father's, thereby leaving Mrs. Howell with only 2 children in her custody. However, the testimony indicates that the minor child Elizabeth enjoys a better standard of living by residing with her father than do the other two children who reside with Mrs. Howell. Under the principle established in Ducote, supra, the two minor children are entitled to the same standard of living as that furnished to Elizabeth by her father because the healthy financial condition of the father so permits. Also, the facts in the case before us are very similar to those in Cowen, supra, wherein the court permitted an increase in support where the income of the husband increased substantially, despite the fact that the wife had one less child to support. Accordingly, application of the jurisprudence and the statutory rules cited above to the instant case dictates a finding that the trial court did not abuse its discretion in increasing the award of child support from $400 to $500 per month.

III
One final issue for consideration is Dr. Howell's request that the award of child support be apportioned as per child because of the fact that one of the two children remaining in the custody of Mrs. Howell has reached the age of majority while this matter is on appeal. He contends that fulfillment of his request would eliminate the necessity of a further modification of the support. The trial court refused this request. In view of the current jurisprudence we hold the trial court acted correctly. The jurisprudence reflects the view that an award of child support may not be modified, reduced, or terminated unless proper suit is brought, operation of law occurs, or a conventional obligation suspending the award is entered into between the parties. The obligation of support does not terminate by operation of law when a child reaches the age of majority. Moga [Dubroc] v. Dubroc, 380 So.2d 672 (La.1980); Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977); Marshall v. Marshall, 390 So.2d 1365 (1980). In view of the fact that proper suit *1308 has not been brought and there is no evidence of a conventional obligation suspending the award in the record, Dr. Howell's request cannot be granted.
For the reasons assigned above, the judgment of the trial court is hereby affirmed.
AFFIRMED.