PONDER, Judge.
Plaintiff appealed the judgment changing custody of a minor child.
The issues are: burden of proof, the best interest of the child, and abuse of discretion.
We affirm.
Defendant was awarded temporary custody of her minor child following a legal separation from plaintiff. Later, plaintiff obtained a divorce and a transfer of custody, the latter based at least partially on uncertainty of defendant’s employment prospects and place of residence. Both parties remarried; defendant reestablished her residence in Louisiana. Plaintiff’s second wife became agitated over defendant’s visitation privileges. On one occasion, the second wife struck the defendant in the sight of and screamed in the earshot of the child.
The court granted a change of custody, basing the transfer on defendant’s ability to provide a comfortable home, a preference for the natural mother, the second wife’s violent behavior and the minimal effect of a change on the child’s stability due to the short length of the father's custody.
Plaintiff claims defendant has not satisfied the “double burden” required of a party seeking a change of custody.[1] Appellee argues that the 1979 amendment to Article 157 abrogates the “double burden” rule.[2]
Even before the amendment, a mechanical application of the “double burden” test was not required, McCarstle v. McCars-tle, 356 So.2d 491 (1st Cir. 1977). Under the 1979 amendment the focal point is definitely the welfare of the child.
The record shows that on more than one occasion plaintiff’s second wife has behaved in a violent manner. We find the *344 potential for violence deleterious to the child’s welfare and contrary to her best interest. Furthermore, defendant can provide the child with a loving and comfortable home.
Plaintiff next contends the trial court abused the wide discretion, which is given it because of the difficult decision involved in custody challenges. Stevens v. Stevens, 340 So.2d 584 (1st Cir. 1976). We find no abuse.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. “... [I]t is incumbent upon the party requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody.” Decker v. Landry, 227 La. 603, 80 So.2d 91 (La. 1955).

. LSA-C.C. Art. 157 (in part):
“A. In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the. parent. Such custody hearing may be held in private chambers of the judge. The party under whose care the child or children is placed, or to whose care the child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died.”