421 So.2d 1188 (1982)
Debbie Knepper HUDSON, Plaintiff-Appellee,
v.
Lee Francis HUDSON, Defendant-Appellant.
No. 15027.
Court of Appeal of Louisiana, Second Circuit.
October 25, 1982.
*1189 Gamm, Greenberg & Kaplan by Alex Rubenstein, Shreveport, for defendant-appellant.
Love, Rigby, Dehan, Love & McDaniel by Truly W. McDaniel, Shreveport, for plaintiff-appellee.
Before MARVIN, JASPER E. JONES and NORRIS, JJ.
MARVIN, Judge.
From a judgment increasing monthly child support from $150 to $275, the father appeals, contending that the mother failed in her burden of showing a substantial change in circumstances and that the trial court abused its discretion in granting the increase. We affirm.
The trial court found that the $150 award in 1980 was consented to by the parents "because father was not making much money" ($750 per month as a manager of a cocktail lounge). He thereafter obtained employment as a leasehound in the oil and gas business and his earnings reached as much as $3,600 per month, averaging approximately $2,000 per month for the eight months preceding the bringing of this action a year after the 1980 divorce.
The needs of the four-year-old child were found to be $450-$500 per month. The court also found that the mother, who had remarried and was not working, should be entitled to credit for the daily care that she provides the child against her support obligation. CC 227. Ducote v. Ducote, 339 So.2d 835 (La.1976). Determining that a change in circumstances had been shown, the trial court increased the award to $275, slightly more than one-half of $450-$500. The father argues that because the record is devoid of evidence showing the child's needs at the time of the divorce, it is impossible to determine whether a change of circumstances had occurred and that the mother must be found to have failed in her burden of proof. We do not agree.
Where the current needs of the support obligee are determined from competent evidence and it is shown that the support obligor has the ability to meet those needs because of increased earnings, this showing may be legally sufficient to warrant an increase in the support award. Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1981); Woods v. Woods, 338 So.2d 178 (La.App. 2d Cir.1976). Each case involving modification of a support award must be determined on its own facts.
When a trial court in an action to modify support, considers the circumstances under which the initial award was made, the trial court is weighing and comparing past circumstances and present circumstances in order to deduce what modified amount will satisfy the support obligation in the future. A trial court's discretion in determining the amount of support must be recognized. In the absence of a showing of an abuse of discretion, the appellate court will not disturb the trial court's award. Ramsey v. Ramsey, 313 So.2d 911 (La.App. 2d Cir.1975).
*1190 In Cowen v. Cowen, 375 So.2d 118 (La.App. 3d Cir.1979), it is shown that Cowen, when divorced in 1972, earned $800 per month and was ordered to pay $250 towards the monthly support of three children. He reduced his support payment by $50 when the oldest of the three children moved in with him in 1975. His gross income in 1978, when the mother sought an increase in child support, was almost $2,600 per month. The court emphasized the substantial increase in Cowen's salary and approved an increase in the support award from $250 to $325 per month, "despite the fact that the [mother] has one less child to support." 375 So.2d at p. 121.
Neither the record nor the husband's arguments in this appeal shows that the trial court abused its discretion.
At appellant's cost, the judgment is AFFIRMED.