432 So.2d 314 (1983)
Byron Patrick JORDAN
v.
Lula Mae Staples, Wife of Byron Patrick JORDAN.
No. 83-CA-274.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 1983.
Rehearing Denied June 16, 1983.
*315 Robert G. Creely, Gretna, for appellee.
Craig J. Cimo, Gretna, for appellant.
Before CHEHARDY, BOWES and CURRAULT, JJ.
CHEHARDY, Judge.
Plaintiff Lula Mae Staples, former wife of Byron Patrick Jordan, appeals from judgments awarding her an increase in alimony from $450 per month to $600 per month. She asked for an increase to not less than $975 per month and requested that her ex-husband continue to be responsible for her medical expenses, as granted by a prior judgment. That judgment also made executory $441 in past-due medical expenses.
Because it had inadvertently failed to address the question of future medical expenses in the original judgment, the court, ex mero motu, rendered an amended judgment which awarded plaintiff medical expenses defined as hospital costs and doctors expenses while hospitalized, and reaffirmed the $600 alimony award and $441 medical expenses. Plaintiff has appealed from both judgments.
The request for an increase is based upon allegations that the wife's necessary expenses have changed substantially since 1978, the date of the last award, and that the income and resources of her former husband have risen since that time, increasing his ability to pay.
Her monthly expenses are itemized as follows:

House note and insurance $ 140.00
Second mortgage on house 86.00
Loanmortgage for repairs of house 82.00
Utilities, electric, gas and water 252.00
Car note 272.00
Food and grocery items 275.00

*316
Automobile insurance $ 83.00
Automobile maintenance and gasoline
 expenses:
 a. gasoline 50.00
 b. maintenance 25.00
Clothing expenses ($500 per year) 41.66
Medical and drug expenses 150.00
Miscellaneous 50.00
Appliance repairs 20.00
Maintenance on house 20.00
 _________
TOTAL MONTHLY EXPENSES $1,546.66

Mrs. Jordan's sole income other than alimony is $200 per month earned by working part-time in a sporting goods corporation owned by her mother. She has had two nervous breakdowns and is mentally and physically unable to hold a full-time job.
Plaintiff owes her mother $10,000, including $3,000 used to buy a new car when the 12-year-old vehicle she had been driving was wrecked by a daughter. A loan was made from the mother's corporation to cover gasoline and car insurance payments.
Mrs. Jordan is still under treatment at the mental health clinic, and has other health involvements. She must rely on her mother for loans of $300 to $400 per month for groceries and prescriptions to meet monthly needs for necessary expenses. She has only $199.34 in her bank account.
The evidence reflects that Mr. Jordan is a very affluent man. He is employed by Shield Kote, Inc., and French Jordan, Inc., a corporation he is buying from his father, and is also on the board of another corporation. From 1979 through 1981 Jordan had an increase in spendable income of $27,000 per year.
In 1979 defendant had a gross income of $136,000 and a net of $61,000. In 1980 his gross income was $178,000 with a net of $83,000, and in 1981 he earned $175,000 with a net income of $88,000. Jordan also has $2,000 in an IRA account, $13,000 in savings, and a $20,000 certificate of deposit (used as collateral for a loan on immovable property which he is holding for condominiums, along with other parties) and has another certificate of deposit of $10,000. His liquid assets are $25,000.
Jordan's take home pay is $5,400 per month, and his monthly expenses are $9,331.91. He is able to meet these expenses because of substantial bonuses received from each of his two employers. The bonuses totaled $24,000 in 1979 and 1980, and $30,000 in 1981. (The bonuses were included in his gross salary as listed above.)
It is noted that business is slow in the oil field at this time and defendant may have to take a cut in salary (along with the other partners) and possibly forgo a bonus if business does not improve.
Jordan itemized his monthly expenses as follows:

Rent note $ 496.00
Insurance[1] 421.50
Food 555.79
Phone 96.00
Clothing 200.00
Cleaning 45.32
Doctor 70.00
Dentist 30.00
Medical supplies 23.00
Automobile upkeep (3 cars) 150.00
Utilities 239.70
(Gas for 3 cars included in
 children's school expenses)
Entertainment $ 200.00
Other 173.00[2]
Miscellaneous 267.00[3]
Alimony 450.00
Personal Loans 4,280.49
Daughter's school expenses 923.00
Son's school expenses 711.11
 _________
TOTAL MONTHLY EXPENSES $9,331.91

The automobile expenses listed above are for 3 cars maintained by him for his children. A car for his own personal use is provided by the corporation, which also pays gasoline, insurance and upkeep for that automobile.
In connection with the sizable loans outstanding, $3,000 per month is for payment on 25 lots purchased with other persons for investment purposes; $417 per month is for *317 payment of a personal loan to his father for purchase of the father's corporation French Jordan, Inc.; $417 per month is owed to Shield Kote, Inc.; and $446 per month is due for repayment of a loan to First National Bank of Commerce.
Jordan is paying $1,634.11 for college expenses for a daughter who is married and a son who is a major. The son has been going to college for 6 years and would like to be admitted to medical school which would be at least another 4 years of college.
Mr. Jordan's entertainment expenses include dues to a country club, a fishing club and other private clubs. He is remarried and has a teen-age step-daughter in college. His present wife earned $9,000 to $10,000 in 1980.
Because the oil business is in a slump defendant does not expect to duplicate his salary of previous years and anticipates a need to cut back his own expenses.
It is well established that in order to modify a judgment awarding alimony and/or child support the party seeking to modify the award bears the burden of showing that there has been a change in circumstances of one of the spouses. Sonfield v. Deluca, 385 So.2d 232 (La.1980); Ducote v. Ducote, 339 So.2d 835 (La.1976); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982); Gabriel v. Gabriel, 419 So.2d 538 (La.App. 5th Cir.1982); Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir. 1981).
The former wife has serious health problems and has had two nervous breakdowns since the prior alimony was set, and the husband has had a substantial increase in earnings. The trial court found the salary of the former wife was more in the nature of a gratuity than a measure of her worth for the duties performed.
Where the current needs of the support obligee are determined from competent evidence, and it is shown that the support obligor has the ability to meet those needs because of increased earnings, this showing may be legally sufficient to warrant an increase in the support award. Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980); Woods v. Woods, 338 So.2d 178 (La.App. 2d Cir.1976). Each case involving a support award must be determined on its own facts. Hudson v. Hudson, 421 So.2d 1188 (La.App. 2d Cir.1982).
The trial court recognized that appellant is engaged in what appears to be a very lucrative business and took into consideration the present economic conditions facing the oil industry.
Nevertheless, it is noted that the wife's itemized expenses seem reasonable and necessary and include no luxuries. There is no category on her list for entertainment, country club dues, etc. Compared to the expenses of her husband the ex-wife's needs are spartan.
Mr. Jordan spends $467 per month for entertainment, donations, private club dues and miscellaneous expenses, and over $1,600 per month to send a married daughter and a major son to college. As indicated by the trial court his generosity to these children is not in the nature of a legal obligation. On the other hand, he does have a legal obligation to support his former wife who is in poor health and necessitous circumstances. Except for the generosity of her mother who permits plaintiff to work as much as she is able, and who supplements her daughter's income in the form of monthly loans, the ex-wife has no other income except the alimony from her former husband.
The former wife should not be required to impose on her mother for her support, nor should the mother have to shoulder that burden. This view was enunciated in the case of Custard v. Custard, 424 So.2d 474 (La.App. 5th Cir.1982). While that case referred to child support, we find the reasoning therein equally applicable here, where the person receiving the support is the spouse. The parent is not required and should not be expected to assume the obligation which rightfully belongs to the former husband. It is noted that the husband was found at fault in prior proceedings on the ground of abandonment.
*318 In our opinion the substantial increase in the income and assets of the husband, when balanced against the meager income and needs of the wife, clearly indicate the wife is entitled to an increase in the award. Appellant has proven to the satisfaction of the trial court, and to us, that there has been a change of circumstances since the prior judgment. Mr. Jordan's legal responsibilities should take precedence over his discretionary spending.
We are conscious of the trial court's great discretion in fixing amounts of alimony and that such awards should not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. However, a spouse is entitled to obtain sufficient means for maintenance. C.C. art. 160; Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4th Cir. 1982).
Maintenance includes the basic necessities of life, such as food, clothing and shelter. It also includes necessary transportation, automobile expenses, medical and drug expenses, utilities, household expenses and income tax liability resulting from payment. Frederic v. Frederic, 302 So.2d 903 (La.1974); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Vial v. Vial, 422 So.2d 523 (La.App. 5th Cir.1982); Hamiter v. Hamiter, 419 So.2d 517 (La.App. 2d Cir. 1982); Oddo v. Oddo, 416 So.2d 241 (La. App. 1st Cir.1982); Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980); Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir.1980).
We also note that a major child who is in school but capable of working is not by the mere fact of his schooling in need of support. Phillips v. Phillips, 339 So.2d 1299 (La.App. 1st Cir.1976); Dubroc v. Dubroc, 284 So.2d 869 (La.App. 4th Cir.1973).
The father's generosity to his adult children is a gratuity and not a responsibility. As stated in Phillips v. Phillips, supra, at pages 1301-1302:
"While we might be inclined to think a father worthy of the name will always generously support and encourage his child's reasonable educational ambitions, the law wisely leaves his generosity as a matter between him and his own conscience. The law declines to force a parent to contribute to his adult child's education or to give support to his adult child who is capable of self-support."
C.C. art. 160 controls the amount of the award. It shall not exceed one-third of the payor's income. In determining the amount the court is called upon to consider the income, means and assets of the spouses, the liquidity of the assets, the financial obligations of the spouses, including their earning capacity, the health and age of the parties (various other responsibilities to children not relevant here) and any other circumstances that the court deems relevant.
With these guidelines in mind we find that an increase of only $150 a month for a total award of $600 is inadequate. Keeping in mind C.C. art. 160 sets a maximum award of one-third of the husband's income and the fact that the ex-wife's expenses are less than one-third of his net income, we are of the opinion that the award should be increased to the sum of $975 per month.
For the reasons assigned the judgments appealed from are amended so as to increase the award to Lula Mae Staples Jordan from the sum of $600 per month to the sum of $975 per month. In all other respects the judgments appealed from are affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Includes flood, homeowners, personal liability, umbrella, and automobile policies.
[2] Burglar alarm, repairs to house.
[3] Donations, club dues, etc.