295 So.2d 229 (1974)
Gregory Mark DEMARIE, Plaintiff-Appellee,
v.
Wilbert John DEMARIE, Defendant-Appellant.
No. 4546.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
*230 Baggett, Hawsey, McClain & Morgan by R. Scott McClain, Lake Charles, for defendant-appellant.
McHale & Bufkin, by Robert M. McHale, Lake Charles, for plaintiff-appellee.
Before CULPEPPER, MILLER and WATSON, JJ.
MILLER, Judge.
Defendant Wilbert John Demarie appeals from the trial court judgment requiring him to support his adult son plaintiff Gregory Mark Demarie. We reverse.
Gregory was born on January 1, 1955, the son of Wilbert and Annie June Demarie. His parents are now divorced. The father is currently disabled and is living off $1,700 remaining from a workmen's compensation settlement which netted him $10,000. He had been paying $200 per month to his former wife until his son became eighteen. Thereafter he gave his son $20 per week when he could.
Gregory filed suit on his own behalf seeking $250 as monthly support. The trial judge found that Gregory was in need within the meaning of LSA-C.C. art. 229. Based on Gregory's needs and the means of his father, Gregory was awarded $20 per week.
Gregory is in his final year of high school and was a member of the LaGrange High School football team. He hopes to attend college on a football scholarship. He testified that he is currently unemployed. He held summer employment, but was unable to find part time work after school began. He is currently without funds, the proceeds from his summer job having been used to buy clothing.
The father contends that the trial court erred in finding that a father is obligated to support his adult son when the son is physically and mentally capable of gainful employment. The specification of error is based upon Act 98 of 1972, which amended LSA-C.C. art. 37 to lower the age of majority to eighteen, and Dubroc v. Dubroc, 284 So.2d 869 (La.App. 4 Cir. 1973). That case held that a father was not obligated to support an eighteen year old daughter who was in high school but was capable of gainful employment.
LSA-C.C. art. 37 now reads:
Persons of the age of eighteen years shall be considered of full age and until they attain that age, shall be minors. A person who is eighteen years of age or older shall be regarded as being fully emancipated, shall be considered adults and shall have the same rights, duties, responsibilities and capabilities as persons who are twenty-one years of age or older.
In Dubroc, the court considered the effect of this article upon C.C. arts. 227, 229, 230, and 231 relative to education and support.
Under C.C. arts. 227 and 230 parents are obligated to educate only their minor children. Under C.C. art. 37, Gregory is no longer a minor.
If Gregory is to recover, he must show entitlement by virtue of art. 229. He was gainfully employed in the summer prior to his senior year and admitted leaving employment to begin football practice. He does not allege physical or mental impairments prevent his acquisition of gainful employment.
The nature of the obligation in art. 229 is different from those in arts. 227 and *231 230. This distinction was made by Planiol in commenting upon the source articles:
 1682. Differentiation Between Parents'
 Obligation and the Alimentary
 Debt
Care must be taken not to confuse the special duty imposed upon a father and a mother toward their children with the much more general obligation called the alimentary obligation. The alimentary obligation is reciprocal by nature. The duty of parents toward their minor children, by its very nature, is unilateral. The alimentary obligation lasts throughout life. The duty of parents ceases at their children's majority. After its majority, a child may still have a right to receive sustenance, but under the ordinary conditions applicable to it, that is when it is in need. Its upbringing, with the special expenses it entails is finished.
1 Planiol, Civil Law Treatise No. 1682 (La.St.L.Inst.transl.1959). See also, Work of the Appellate Courts1972-73, 34 La. L.R. 197, 201.
Gregory's need for support is based entirely upon his need for a high school diploma. The father is no longer required to provide for his eighteen year old son's education since the son is now a major. C.C. art. 229 does not require parents to educate their adult children. They are bound to provide for needy descendants, just as these descendants are reciprocally bound to support their needy ascendants. Art. 229 cannot be used as an extension of the obligations owed under arts. 227 and 230, which terminate upon the child reaching the age of majority. To obtain support under art. 229, the descendant must show need. Gregory failed to establish that need.
The rights of majority have been granted to eighteen year olds. With these rights come the obligations of majority. Gregory has not shown his entitlement to support under art. 229 by the mere fact that he is in high school. The educational requirements of arts. 227 and 230 are not superimposed upon art. 229.
Under other circumstances a high school student may show need under art. 229. Each case must be decided upon its own merits. In order to meet the burden of proof required under art. 229 one must establish some need other than that for a high school diploma.
Gregory's counsel points to the necessity of having a high school education to cope with modern society. We agree that this need is great. Additionally, we note that the need for a university degree and advanced degrees is called for by many segments of modern society. This need has existed for many years, yet no authority has been cited which requires parents to educate their adult children.
If parents are to be required to educate their adult children, the requirement and its limitations must be provided by the legislature.
The trial court judgment ordering child support is reversed and set aside. Costs at trial and on appeal are assessed to plaintiff appellee Gregory Mark Demarie.
Reversed and rendered.