323 So.2d 896 (1975)
Edmund Bruce TOBIN, Defendant-in-Rule-Appellee,
v.
Sundena Carr TOBIN, Plaintiff-in-Rule-Appellant.
No. 12754.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1975.
Rehearing Denied January 6, 1976.
Writ Refused February 3, 1976.
*897 Booth, Lockard, Jack, Pleasant & LeSage by H. F. Sockrider, Jr., Shreveport, for plaintiff-in-rule-appellant.
T. K. Giddens, Jr., Naff, Kennedy, Goodman, Stephens, Donovan & Parnell by Robert J. Donovan, Jr., Shreveport, for defendant-in-rule-appellee.
Before HALL, MARVIN and HEARD, JJ.
En Banc. Rehearing Denied January 6, 1976.
HEARD, Judge.
We are reviewing the judgment of the court below in a rule brought by a wife against her former husband and his mother, in which the wife sought an increase in child support payments from $50 per month to $160.54 per month. The trial court increased the husband's child support obligation to $75 per month and rejected the wife's demands against the husband's mother. The wife appealed.
Plaintiff in rule, Sundena Carr Tobin, and defendant in rule, Edmund Bruce Tobin, were married in August of 1970 when she was 16 years old and he was 18 years old. In September of 1971, Sundena Tobin was granted a judgment of legal separation on the ground of abandonment, in which she was awarded custody of the only child of their marriage and $50 per month as child support.
In November of 1972, Edmund Tobin obtained a default judgment of divorce which maintained Sundena Tobin's custody of the child and the award of $50 per month child support. The paternal grandmother, Helen Tobin, was not a party to any of these proceedings.
On February 10, 1975, Sundena Tobin caused a rule to issue ordering her ex-husband to show cause why child support payments should not be increased from $50 to $160.54 per month. The wife named the paternal grandmother as an additional party defendant and prayed that judgment increasing the amount of child support be entered against Edmund Tobin and against the paternal grandmother "individually, jointly, or solidarily, with the defendant, Edmund Bruce Tobin."
The paternal grandmother timely filed the following exceptions: (1) dilatory exception of lack of procedural capacity on the ground that Sundena Tobin did not allege that she was the duly qualified natural tutrix of the child; (2) dilatory exception of improper cumulation of actions and improper joinder of parties on the grounds that the modification of the divorce decree relative to child support was not related to the obligation of the grandmother under Civil Code Article 229 and that the actions were not mutually consistent and had no community of interest; and (3) dilatory exception of nonjoinder of a necessary party in that the maternal grandparents were necessary parties to the proper disposition of the suit.
The paternal grandmother also filed a peremptory exception of no cause and no right of action on the ground that she could not be named as a party to the modification of the divorce decree since she was not a party in that proceeding, and that there was no allegation in the wife's petition alleging that the husband and wife could not support their child.
The trial court overruled all of the exceptions to the wife's suit, and the case proceeded to trial on the merits on February 17, 1975. After trial had commenced, it became apparent to the trial judge that the matter should be stayed pending the *898 closing of the paternal grandfather's succession due to the inability of the court to assess the husband's or the grandmother's ability to pay child support until the succession proceedings had developed further.
During the interim period, the paternal grandmother filed a third party demand against the maternal grandparents praying that in the event judgment was rendered against her on Sundena Tobin's demand, the grandmother have judgment over and against the maternal grandparents for any amount for which she might be cast in judgment.
Trial was resumed on May 19, 1975. The evidence adduced at the trial on the merits establishes that plaintiff in rule, Sundena Tobin, is 21 years old and has worked full time since she was 17 years old to support herself and her son. She is currently employed at Western Electric and has a net monthly income from her job of $455 per month. She calculated the total monthly living expenses for herself and her son to be $615.54.
Defendant in rule, Edmund Tobin, is 23 years old and was unemployed at time of trial. His employment history shows he was at one time a professional baseball player with a major league farm club and has worked at several unskilled labor jobs but he has never kept a job for more than a few months. His plans for the future are vague at best. He variously testified that he was going to try out for a professional baseball team again or go to college or get with a good apprenticeship program. He apparently shuns unskilled labor jobs because he feels such jobs are on a "poverty wage level." He lives with his mother and is supported by her.
The paternal grandmother's husband died on January 21, 1975. He owned a small insurance agency and the grandmother, Mrs. Helen Tobin, receives $450 to $500 per month from renewal premiums on policies her husband sold before his death. As a result of her husband's death she also received $53,000 in insurance proceeds which she has placed in a savings account. She owns her home which was appraised at $26,400. Her son, Edmund Tobin, her daughter and her daughter's son live with her and another son is in college at the University of Arkansas. She provides some support for all these persons.
On the basis of this evidence, the trial court awarded the plaintiff in rule an increase in child support payments to $75 per month against the husband, and rejected the wife's demands against the paternal grandmother and the paternal grandmother's third party demand against the maternal grandparents.
The wife appealed, alleging (1) that the trial court erred in failing to increase the child support obligation to $160 per month; (2) that the trial court erred in failing to cast the paternal grandmother in judgment for a portion of the child support; and (3) that the trial court erred in failing to consider the $53,000 in insurance proceeds when determining the paternal grandmother's ability to pay.
The paternal grandmother answered the appeal, reurged the exceptions overruled by the trial court, and preserved her third party demand against the maternal grandparents in the event this court should cast her with a portion of the child support payments.
The first issue before the court concerns the quantum of child support awarded by the lower court. The trial court has a great deal of discretion in fixing the proper amount of support, and its decision carries great weight on appeal. While we feel an award of $75 per month may be on the low side in this particular case, we find the trial court did not abuse its discretion in awarding that amount.
The second issue concerns the alleged error of the trial court in not casting the paternal grandmother in judgment for a portion of the child support award. The basis for the grandmother's liability for *899 support is Civil Code Article 229, which provides:
"Children are bound to maintain their father and mother and other ascendants, who are in need; and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal."
This obligation of ascendants to support their needy descendants is not the same as the obligation of parents to support their children imposed by Civil Code Article 227. Demarie v. Demarie, 295 So.2d 229 (La. App. 3d Cir. 1974). The obligation of a grandparent, or other ascendant, under C. C. Article 229 extends only to needy descendants and encompasses only the basic needs of food, shelter, and clothing. The obligation of parents to their children under C.C. Article 227 extends to more than these basic needs. The court in Fellows v. Fellows, 267 So.2d 572 (La.App. 3d Cir. 1972), in affirming an award of $2,000 per month child support for three children, stated:
"Under the provisions of LSA-CC Arts. 227, 230, and 231, the obligation to support, maintain, and educate minor children is contracted by the parents by the very act of marrying, and nourishment, lodging, support, and education are provided in proportion to the wants of those requiring and according to the circumstances of those who are to pay. Modern application of these basic rules recognizes that children are thus entitled by birthright to a life during their minority harmonious with the father's station."
The obligation under Article 227 also differs from that in Article 229 because the obligation in Article 227 is unilateral, whereas that of Article 229 is reciprocal.
The parental obligation in Article 227 does not prime the obligation of ascendants in Article 229. However, before the grandparent can be cast in judgment for support under Article 229, it must be shown that the child is in need. In the instant case, considering the wife's income and the husband's payment of child support, we find there has been no showing the child is in "need" so as to warrant a judgment against the grandmother under Article 229.
Having found that the paternal grandmother is not liable for support payments under Article 229, we need not consider the alleged error of the trial court in not considering the $53,000 in insurance proceeds when assessing the grandmother's ability to pay child support.
Likewise, having affirmed the trial court's decision to reject the demand of plaintiff in rule against the paternal grandmother, we need not consider the exceptions to plaintiff's rule reurged by the paternal grandmother on appeal.
The judgment of the trial court is affirmed and appellant is assessed with costs of this appeal.