CLAIBORNE, Judge.
This is an appeal from a judgment on a rule increasing child support. We affirm. (Defendant in rule has acquiesced in other matters adjudicated, and they are not now before us.)
Since 1967 the question of child support herein has been litigated several times on rules to increase or decrease the amount. In 1967 a judgment of separation was rendered including an award for the support of 5 children in the amount of $75 per week in addition to which the defendant was ordered to continue payment of a monthly house note in the amount of $115 and a monthly car note in the amount of $100. In 1968 a judgment of divorce reduced the support payments to $60 weekly, plus the same house note and car note.
In 1970 the amount was fixed at $70 weekly. In 1971 the court refused to increase or decrease the amount.
On July 5, 1972, the Family Court reduced child support to the sum of $45 per week for 3 children. The present rule to increase that amount has resulted in a judgment of July 2, 1976, ordering the defendant to pay $200 per month for the 2 children who have not reached the age of majority. The judgment represents no appreciable total increase but a per child increase from approximately $65 to $100 monthly.
*311 Appellant argues that the amount should have been fixed at $30 per week. In view of the fact that appellant has not filed a motion to reduce the amount of child support previously fixed by the Court, there can be no consideration of a reduction from $45 per week to $30 per week. The issue is whether the Court erred in granting a per child increase of approximately $35 per month; or, stated another way, whether the Court erred in leaving the child support essentially the same after a lapse of four years in view of the fact that the sum is now allocated for two children instead of three children as heretofore.
The Family Court found that although the plaintiff was working and earning more than she had in 1972, she could contribute “practically nothing” to the support of the children, because of a great amount of medical expenses incurred as a result of her own health. The evidence shows she is in debt, and except for occasional assistance from her father for whom she works she has no means of support other than her own net earnings of $514.88. The Court also found that the children’s expenses have increased since 1972, and that they were in need of certain dental expenses which defendant is unable to pay.
In 1972 the defendant was out of work and represented to the Court that he was averaging $367 gross income per month as unemployment benefits. For the current year it appeared the defendant would earn over $16,000. His expenses had meantime increased. He has remarried and has another child born of his marriage to his present wife. He has a net worth of $59,-000; he owns several vehicles; he has over $5,000 cash on deposit, and he is building a new home. The Court concluded that the defendant is in a much better position at present to pay child support than he was in 1972.
The increase in expenses for the support of the children, and the defendant’s substantial increase in earnings represent a change in circumstances justifying an increase in child support. Rabun v. Rabun, 232 La. 1004, 95 So.2d 635 (1957).
The trial court has great discretion in the matter of child support, and we find no abuse. Tobin v. Tobin, 323 So.2d 896 (La.App.2nd Cir. 1975).
Judgment will be affirmed. The cost of this appeal will be paid by the appellant.
AFFIRMED.