SAMUEL, Judge.
Plaintiff filed this suit against Joseph Jake Airhart, the paternal grandparent of *599 her four minor children, to recover child support over and above amounts for pen-dente lite alimony and child support ordered by another court to be paid her by her husband.
This appeal was consolidated for argument in this court with the appeal in the separation suit against the husband, in which the wife requested an increase in alimony and support payments from her husband.[1] In that suit, the trial judge awarded alimony in the amount of $40 per week for the wife, and child support in the amount of $20 per week for each child, totaling $120 per week. In addition, the wife has the possession of the family home and its contents.
Following the judgment against her husband, the wife instituted the present action against the paternal grandfather, alleging they were in necessitous circumstances and entitled to support from their ascending relatives under Civil Code Article 229. She also alleges the defendant grandfather and her husband misrepresented her husband’s income, and therefore the grandfather should be required to pay supplemental support commensurate with the income the husband has the ability to earn. The husband is employed by the defendant herein, his father.
The defendant grandfather filed a third party demand against Dennis J. Landeche and Vivian Landeche, the maternal grandparents of the children, alleging that if he is cast in judgment for support, the maternal grandparents are likewise liable to support their grandchildren.
After trial, judgment was rendered in favor of plaintiff against the paternal grandfather in the amount of $80 per week and, also in favor of the plaintiff wife, against the maternal grandparents in the amount of $20 per week. Both the paternal grandfather and the plaintiff wife have appealed.[2] He seeks reversal of the judgment condemning him to pay child support and she seeks an increase in the $80 per week he has been condemned to pay.
This action against the paternal grandparent is based on Civil Code Article 229 which provides:
“Children are bound to maintain their father and mother and other ascendants, who are in need; and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal.
They are also bound to render reciprocally all the services which their situation can require, if they should become insane.” LSA-C.C. Art. 229.
Pertinent hereto is Article 227 of the Civil Code which provides:
“Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.” LSA-C.C. Art. 227.
A reading of the two articles reveals that Article 229 is not as broad in scope as Article 227; Article 229 is based on “need”, while Article 227 is based on the broad duty of mothers and fathers to support, maintain, and educate their children. In Fellows v. Fellows,[3] the court pointed out that under the provisions of Articles 227, 230, and 231, the obligation to support, maintain, and educate minor children is contracted by parents by the very act of marrying, and nourishment, lodging, support, and education are to be provided in proportion to the wants of those requiring aid and according to the circumstances of those who are obliged to pay'. The court stated that the application of these basic rules recognizes children are thus entitled by birth right to a life during their minority consistent with the father’s (and mother’s) station in life.
Our courts have recognized that the duty of a grandparent under Civil Code Article 229 extends only to needy descendants and encompasses only the basic needs of food, *600 shelter and clothing.[4] The paternal obligation in Article 227 primes the obligation of ascendants under Article 229;[5] fathers and mothers bear the first and principal obligation of supporting, maintaining and educating their children and before a grandparent can be cast in judgment for support under Article 229, it must be shown that the grandchildren are in fact “in need”.
In this case the record shows plaintiffs husband receives a gross annual income of $13,000.[6] Plaintiff is presently receiving $120 per week ($520 per month) in alimony and child support, together with sole and full use of the family home and its contents. While we cannot place a precise figure on the value of the use of the family home and contents, we note they are debt and rent free. Consequently, we conclude plaintiff is receiving from her husband, in either cash or use of property, the equivalent of considerably more than $520 per month.
We have reviewed with care the statements of need and expenses contained in the records of plaintiff’s suits against her husband and against the paternal grandparent of her children. In one proceeding she estimated her expenses at $1,716.78 per month and in the other she estimated these expenses at $1,837.50 per month. While her list of expenses are basically consistent, they nevertheless appear to be exaggerated. This is true even though one of plaintiffs children has an emotional problem calling for some psychiatric care which, according to the record, was being provided by the state.
In this regard we also note the plaintiff tends to minimize her own ability to contribute to the support of her children because of an epileptic condition. However, that condition does not seem sufficiently serious to prevent her from seeking gainful employment in order to so contribute. This conclusion is based, and substantiated in part, on plaintiff’s demonstrated ability to perform work in the business prior to the separation. Moreover, the doctrine of Ward v. Ward,[7] has no application in this case. In Ward, the Supreme Court held that the earning capacity of an unemployed wife does not bar her from recovering alimony from her husband under Article 160 of the Louisiana Civil Code. However, under Civil Code Article 227 both the mother and the father have an obligation to support, maintain, and educate their children and, where able, both are required to seek and obtain employment for that purpose.
In our view, before a grandparent can be called upon to afford support to his grandchildren under Civil Code Article 229 a convincing showing must be made of: (1) “need” on the part of the grandchildren within the meaning and intent of that article; (2) ability of the grandparent to pay the support; (3) the fact that the requesting parent or parents of the children cannot obtain work, including reasonable extra work, which they are able to perform and which would either prevent the children from being in “need” or lessen the amount of that “need”.
Considering all the facts of this case, we conclude there has been no showing that the children are sufficiently in “need” so as to warrant a judgment against the grandfather under Civil Code Article 229.
For the reasons assigned, the judgment appealed from is reversed only insofar as it condemns the defendant, Joseph Jake Air-hart, to pay the sum of $80 per week to plaintiff, Denise Lynn Landeche Airhart, on *601 behalf of his four minor grandchildren. Accordingly, plaintiff’s suit against Joseph Jake Airhart is dismissed.

REVERSED.

. Airhart v. Airhart, La.App., 372 So.2d 595.

. The maternal grandparents have not appealed from the judgment.

.La.App., 267 So.2d 572.

. See Tobin v. Tobin, La.App., 323 So.2d 896; Demarie v. Demarie, La.App., 295 So.2d 229.

. We disagree with the statement to the contrary contained in Tobin v. Tobin, supra, note 4, at page 899. See Simon v. Simon, La.App., 127 So.2d 769, where the court held the duty of the mother to maintain her daughter under Article 229 does not prime the obligation of the daughter’s husband to maintain her as his wife under C.C. Art. 160.

. We see no merit whatever in plaintiffs argument that her husband and his father conspired to conceal the husband’s income. That argument was answered in the separation suit cited in footnote 1, supra.

. La., 339 So.2d 839.