SCHOTT, Judge.
The issue in this case is whether the trial court erred in awarding alimony to a 22-year old handicapped person against her father in the amount of $300 per month considering the record before us and the circumstances of the case.
In March, 1980, plaintiff first sought alimony from her father and was awarded a judgment of $300 per month on April 17, 1980. In that judgment the trial court directed the parties to return to court on October 15, 1980, to review the status at that time. No appeal was taken from that judgment. On October 9 defendant filed a rule to reduce and/or terminate this alimony alleging that his daughter was capable of gainful employment. On November 12 the trial court rendered the judgment now on appeal, dismissing defendant’s rule to reduce and/or terminate the alimony.
Plaintiff’s disability consists of a deformed foot on which she cannot stand for a long period of time, amputation of the first segment of her right index finger, dyslexia,[1] and an ileostomy which resulted from the removal of her bladder and affords access to an apparatus on the outside of her body to collect her urine. She testified that she worked as a Kelly Girl occasionally and held a temporary job twice a week as a clerk at a credit union and another temporary job for two and a half months at the Veterans Hospital. She had difficulty with both jobs because of problems related to the ileostomy such as leakage from the apparatus. She is unable to type, take shorthand or use dictation machines. Attempts to find regular employment have been unsuccessful. She has enrolled at University of New Orleans in Communications as advised by counselors at that University. Asked whether a doctor ever told her she was incapable of gainful employment, she stated she had arrived at that conclusion herself because of her physical condition and she was trying to get an education and become qualified for a position whose hours and demands might be less restrictive and more flexible. The father offered no evidence as to his financial condition.
At the conclusion of the testimony the trial judge made the following statement:
“The court finds that it will not terminate nor reduce the child support. I am going to rely not only on the moral obligations of parents to support their children but from the testimony I have ascertained today the girl is in the same stage she was the last time she was in court except she has not, in an effort, at U.N.O., tried to get that thing which would give her enough, I guess, independence so she wouldn’t need this money, whatever sum it may be, from either her mother or her father.”
In this court the father relies on Demarie v. Demarie, 295 So.2d 229 (La.App. 3rd Cir. 1974) and Dubroc v. Dubroc, 284 So.2d 869 (La.App. 4th Cir. 1973). However, these cases simply hold that a child beyond the age of minority who is not disabled from working is not entitled to alimony merely to obtain an education rather than work — precisely what LSA-C.C. Art. 230 says. However, the child in this case is not seeking or obtaining alimony simply for education. The $372 tuition she pays for a semester is not the basis for the trial court’s award of $300 per month.[2] This plaintiff has severe problems which prevent her from gainful employment on a regular basis. She hopes she will overcome that problem by education and would thereafter no longer be in need.
The conclusion that plaintiff is in such physical condition as to support her claim for alimony as a matter of law is essentially a factual conclusion by the trial judge which should not be disturbed in the ab *1117 sence of manifest error. Finding none, we affirm the judgment.
AFFIRMED.

. Inability to read more than a few lines with understanding. Steadmans Medical Dictionary, 3rd unabridged Lawyers Edition.

. The father does not dispute the amount of the award but disputes liability for any amount. He does not ask for a reduction by $62 per month which is the amount of her tuition.