LABORDE, Judge.
Plaintiff, Frances Taylor Levy, filed suit against the paternal grandparents of her two minor children, seeking an award of child support pursuant to LSA-C.C. art. 229.[1] After a hearing, judgment was rendered against the defendants, Raoul L. Levy and Mary Ann Levy, ordering them to pay Six Hundred ($600.00) dollars per month support for their grandchildren until the children’s father brought his arrearag-es up to date. After this was accomplished, the Six Hundred ($600.00) monthly amount would be subject to a credit against the monthly support paid by the father. On May 28,1987, this judgment was signed by the trial court which subsequently denied defendants’ Motion for New Trial. The trial court also granted plaintiff’s petition to make past due child support exec-utory. Judgment for Three Thousand Six Hundred ($3,600.00) dollars was rendered in plaintiff’s favor and signed on July 5, 1987. Defendants took a suspensive appeal from these judgments. We reverse.
SUSPENSIVE APPEAL
Plaintiff argues that LSA-C.C.P. art. 3943 precludes the possibility of a sus-pensive appeal in this matter.[2] This article provides (in relevant part):
“An appeal from a judgment awarding custody of a person or alimony ... shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”
As plaintiff points out, the term alimony has been held to include child support awards. State v. Pierson, 490 So.2d 744, 746 (La.App. 3d Cir.1986). However, the cases cited by plaintiff involve the issue of parental support. In contrast this action is against the paternal grandparents based on art. 229. As we noted in Demarie v. Demarie, 295 So.2d 229, 230-31 (La.App. 3d Cir.1974), the nature of the obligation in art. 229 differs from the parental obligation in LSA-C.C. art. 227 and LSA-C.C. art. 230[3]. Article 229 provides:
“Children are bound to maintain their father and mother and other ascendants, who are in need, and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal. This reciprocal obligation is limited to life’s basic necessities of food, clothing, shelter and health care, and arises only upon proof of inability to obtain these necessities by other means or from other sources.”[4]
Article 227 provides:
“Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.”
Thus, parents share the responsibility of supporting, maintaining, and educating their children. This parental duty is a fact of paternity or maternity and does not arise out of marriage. Dubroc v. Dubroc, 388 So.2d 377, 380 (La.1980). Furthermore, we have recognized that a parent’s obligation to support his child is of primary *744 importance and a public policy matter. Boudreaux v. Boudreaux, 460 So.2d 703, 705 (La.App. 3d Cir.1984).
The obligation incurred under art. 229 cannot be used as an extension of the obligations owed under articles 227 and 230. Care must be taken not to confuse the special duty that is imposed on parents towards their children with the more general alimentary obligation. Demarie v. Demarie, 295 So.2d at 231. Since the parent’s duty of support and upbringing is a legal 'duty owed to the child, it cannot be renounced or suspended, Dubroc v. Dubroc, 388 So.2d at 380. Thus, the applicability of art. 3943 must be read in the context of this parental duty.[5]
DUTIES OF ASCENDANTS
The trial court in this case recognized that it is the mother or father who has the primary obligation to provide for a child’s basic needs. The trial court made the following statement in rendering its decision:
“It is most unfortunate that you grandparents have to bear a burden that is not yours. This burden belongs to their father but the law provides for this in situations such as this where the father is not supporting the children.”
We do not agree that the burden of earing for the children belongs to the grandparents simply when the father is not supporting his children. A distinction must be made between a spouse’s unwillingness to meet his obligation as opposed to his “inability” to provide the necessities. The father’s ability to provide a source of income, cannot be considered exhausted, so long as his whereabouts are reasonably ascertainable and judicial proceedings can be taken against him to obtain child support. Clearly, art. 229 is only applicable where it is proved that the father is unable to provide the basic necessities.[6] The facts in this case do not indicate that plaintiff’s ex-husband is unable to provide for his children. At trial, Charles Levy testified that in December 1986, he had a job in the Alexandria area which furnished him with a house to live in, a truck to drive and Six Hundred ($600.00) dollars a month plus bonuses. He further testified that, as of the date of trial, his income was increasing to Eight Hundred and Fifty ($850.00) dollars a month plus bonuses.
Furthermore, although a parent may be unemployed, she is not relieved of her duty to support and maintain her children. She is only excused from this obligation, if it appears that she is not only unemployed, but unemployable. McManus v. McManus, 528 So.2d 1105, 1107 (La.App. 3d Cir.), writ denied, 533 So.2d 23 (La.1988). The record indicates that plaintiff is capable of holding a job that pays at least $4.00 an hour. At the time of trial she was employed at home soliciting customers by telephone for which she received a commission for each sale. By her own admission plaintiff spent relatively little time at this pursuit.
“Q. How many hours would you say you spent this week doing that?
A. None this week.
Q. What about last week, how much time did you spend last week doing it?
A. Probably about six.
Q. Six hours?
A. Um-hum.”
*745 Thus, this court is not convinced that plaintiff has borne her burden of proving that she has exhausted all other sources or means of obtaining her children’s necessities.
Furthermore, art. 229 states that the alimentary duty of an ascendant extends only to life’s basic necessities. Plaintiff testified at trial as follows:
“Q. On [sic] your deposition you had told me that you believed that you could make it on three-fifty (350) a month child support. Do you still feel that way?
A. Right. I never asked him for any more.”
Plaintiff’s own testimony then, was that the Three Hundred and Fifty ($850.00) dollars she had been awarded by a prior judgment, was sufficient to satisfy the basic needs of her children. Based on plaintiff’s testimony, an award of Six Hundred ($600.00) dollars exceeds the amount necessitated by the family’s condition. We find that the trial court’s ruling that the grandparents pay Two Hundred Fifty ($250.00) dollars a month child support in addition to the Three Hundred and Fifty ($350.00) dollars required to be paid by the father is in direct conflict with articles 227 and 229.
Finding that the nature of the alimentary obligation in art. 229 differs from the parental obligation in arts. 227 and 230, we conclude that art. 3943 does not operate to eliminate a suspensive appeal by defendants in this case. We also conclude, after reviewing the evidence, that the trial court erred in making defendant grandparents liable for child support payments under art. 229. The facts do not indicate that plaintiff’s ex-husband is unable to provide for his children, or that plaintiff exhausted all other sources of obtaining her children’s necessities. The burden of caring for a child’s basic needs is fundamentally a parental responsibility. It does not shift to the grandparents simply when the father is not supporting his children.
Accordingly, the trial court’s decision requiring the defendants to pay child support is reversed and plaintiff is assessed with costs of this appeal.
REVERSED.
KING, J., concurs in the result only for the written reasons assigned.

. Plaintiff was separated from the defendants' son, Charles A. Levy, by a judgment rendered on October 28, 1982. Charles Levy was ordered to pay Three Hundred and Fifty ($350.00) dollars per month child support. He paid some child support since the award, but these payments were irregular and sporadic.

. Plaintiff contends that the trial court erred in allowing a suspensive appeal from judgments awarding child support, and making past due child support executory. Because we find defendants are not liable for child support payments under art. 229, we need not consider as a separate issue, the alleged error of the trial court in granting a suspensive appeal from a judgment making past due support executory.

. LSA-C.C. art. 230 defines alimony as "what is necessary for the nourishment, lodging and support of the person who claims it.”

. In 1979, the legislature amended art. 229, adding the second sentence to it. There have been no reported decisions since this amendment and the last case interpreting art. 229 prior to the amendment is Landeche v. Airhart, 372 So.2d 598 (La.App. 4th Cir.1979). The Landeche court concluded that the parental obligation in art. 227 primes the obligation of ascendants under art. 229.,

. That article 3943 is concerned with parental support is also evidenced by the fact of its location in Title IV of the Louisiana Code of Civil Procedure which is entitled Annulment of Marriage, Separation from Bed and Board, and Divorce.

. Plaintiffs argument to the contrary relies primarily on the pre-amendment decision in Jefferson v. Jefferson, 246 La. 1, 163 So.2d 74 (1964). In that case, the Court limited its decision ordering a grandfather to pay child support without exhaustion of remedies against the child’s father where the Sheriff was unable to locate and serve the father, and the grandparents knew where the father was and could secure that information, but did not and the father himself received contributions from the grandparents. In the instant case, the father’s location was ascertainable and, in fact, he testified in court. Furthermore, the 1979 amendment to Article 229 makes it clear that a grandparent should not be made to provide for a grandchild until it is clearly proven that the child’s parents are unable to provide life’s necessities.