BOWES, Judge.
This suit was originally brought by Judy Ann Melanson against her husband, Larry James Banquer, Sr. for separation from bed and board and for child support for their two minor children, Larry James Ban-quer, Jr. and Erica Lynn Banquer. The parties were subsequently divorced. On July 16, 1987, the plaintiff was awarded child support in the sum of $500.00 a month for these two children.
On March 15, 1989, the plaintiff, alleging that she had received no child support from her former husband under said judgment since June, 1988, filed a motion requesting alimentary child support under LSA-C.C. art. 229 from Cleo Dixon, wife of and/or Israel Banquer, the parents of her former husband, and paternal grandparents of the children. They, in turn, filed a third party demand against the plaintiffs parents, Sylvia Pekinto, wife of/and Douglas Melan-son, Sr., as the maternal grandparents, seeking judgment for one-half of any award against them.
After a hearing held on April 25, 1989 and May 4, 1989, the trial court rendered judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Judy Ann Melanson Ban-quer and against Cleo Dixon, wife of/and Israel Banquer in the sum of $486.12 per month, effective March 15, 1989, as alimentary support for the minor children of the marriage between Judy Ann Me-lanson, wife of/and Larry James Ban-quer, Sr., namely Larry J. Banquer, Jr. and Erica Lynn Banquer.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein on the third party demand in favor [of] Cleo Dixon, wife of/and Israel Banquer and against Sylvia Pekinto, wife of/and Douglas Melanson ordering third party defendants to pay unto third party plaintiffs the sum of $243.06 per month effective March 15, 1989.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Cleo Dixon, wife of/and Israel Banquer shall enjoy visitation with the grandchildren of the marriage, Larry J. Banquer, Jr. and Erica Lynn Banquer, on alternating Saturdays and Sundays between the hours of 9:00 a.m. and 6:00 p.m. commencing Saturday, May 13, 1989. It shall be the responsibility of Mr. and Mrs. Banquer to arrange to pick up and return the children timely.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, on the consent of the parties hereto, that the aforesaid award of alimentary support and also the award on the third party demand shall be subject to a credit for any and all sums paid by the father of these children, Larry James Banquer, Sr., his agents or assigns, and received by Judy Ann Melanson Banquer, and/or Cleo Dixon, wife of/and Israel Banquer, and/or Sylvia Pekinto, wife of/ and Douglas Me-lanson.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the monthly payments due herein on the main demand and the third party demand shall be due and payable on the 15th day of each month.
Cleo Dixon and Israel Banquer have appealed this decree in regard to the monetary or alimentary award rendered against them. We reverse.
Essentially, appellant urges only one assignment of error or issue — that the trial court erred in holding that the requirements of LSA-C.C. art. 229 have been met in this case. The obligation of the grandparents to support their needy grandchil *792 dren is set forth in LSA-C.C. art. 229, as follows:
Children are bound to maintain their father and mother and other ascendants, who are in need, and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal. This reciprocal obligation is limited to life’s basic necessities of food, clothing, shelter, and health care, and arises only upon proof of inability to obtain these necessities by other means or from other sources.
This obligation of ascendants to support their descendants is not nearly as broad as the obligation of parents to support their children imposed by C.C. art. 227[1], and rightly so, since they have no control over the birth of such, descendants. The duty imposed on a grandparent under C.C. art. 229 extends only to needy descendants and encompasses only the basic needs of food, shelter, clothing and health care. Landeche v. Airhart, 372 So.2d 598 (La.App. 4 Cir.1979); Tobin v. Tobin, 323 So.2d 896 (La.App. 2 Cir.1975) writ den. 325 So.2d 613 (La.1976). Also, it is available only after proof of the inability to obtain these necessities elsewhere. Article 229, supra.
The parental obligation in C.C. art. 227 primes the obligation of the grandparents under C.C. art. 229. Landeche v. Airhart, supra. To the contrary is Tobin v. Tobin, supra. However, we agree with the rationale adopted in Landeche, supra, as being far more fair and logical. Lan-deche holds that both fathers and mothers bear the primary obligation of caring for their minor children and, before the grand-parental obligation of C.C. art. 229 can be invoked, the grandchildren must be “in need.” Landeche, supra. We agree.
The Fourth Circuit, in Landeche, supra, set forth three factors which must be met before a grandparent may be ordered to provide support for their grandchildren, which test we also agree with and adopt, as follows:
In our view, before a grandparent can be called upon to afford support to his grandchildren under Civil Code Article 229 a convincing showing must be made of: (1) “need” on the part of the grandchildren within the meaning and intent of that article; (2) ability of the grandparent to pay the support; (3) the fact that the requesting parent or parents of the children cannot obtain work, including reasonable extra work, which they are able to perform and which would either prevent the children from being in “need” or lessen the amount of that “need”. 372 So.2d at p. 600
Under the facts of the case before us, it does not' appear that the minor children are “in need”, as contemplated by C.C. Article 229. The plaintiff/mother testified that, at no time, did she or her children go without the basic necessities of life, namely, food, shelter, clothing and health care, as specified by Article 229. Very admirably, she has striven mightily to provide those needs herself. In addition to her regular job at the Jefferson Parish Schoolboard, where she earns a net salary of $508.86 per month, she also works at a flea market and does the common work of cleaning houses to earn what the trial judge concluded to be an average of $165.00 per month; and obtains food stamps, that he estimated to be valued at $85.00 per month. She has also called upon her own parents regularly for additional financial support, which apparently has been willingly given, and, as a result, her children enjoy the benefit of private schools, dancing lessons and other “extras”, in addition to the basic necessities of life.
Accordingly, we find that the plaintiff/mother has not shown that her children are “in need” and that she cannot fulfill these needs by means or sources other than the paternal grandparents. The fact that the maternal grandparents are apparently bearing the whole load of additional support for the children may be un *793 fair, but we find no legal requirement for the paternal grandparents to contribute under the circumstances of this case. We take cognizance of the fact, however, that it may well be a difference of means and opinion as to how lavishly grandparents should support their grandchildren — and both sides are entitled to do what each feels is just and proper, considering the circumstances of each.
Apparently, from the testimony, it appears that the second factor of the Lan-deche test, ability of the grandparents to pay the support, was proven and satisfied as it is not at issue in this appeal.
We, therefore, find that the trial court erred in ordering the paternal grandparents to pay alimentary support for the minor children. We stress that we are of the opinion that LSA-C.C. art. 229 should be used sparingly and as a last resort; and only when attempts at parental support have been exhausted; and only for the basic necessities of life, as expressed in the Article; and only after full proof has been furnished to fulfill the requirements of the Article and the test that we have adopted here.
For the reasons expressed above, the judgment of the trial court is reversed. Costs of this appeal are assessed to appel-lee.
REVERSED.

. C.C. art. 227 provides:
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.