874 So.2d 859 (2004)
Susan Gail HESTER
v.
William Ewing HESTER, III.
No. 2003-CA-1259.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 2004.
Rehearing Denied June 30, 2004.
*860 Phillip A. Wittmann, Cindy H. Williams, Stone Pigman Walther Wittmann L.L.C., New Orleans, LA, for Plaintiff/Appellee.
Bennett Wolff, Wolff & Wolff, Metairie, LA; and Henry P. Julien, Jr., The Kullman Firm, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge EDWIN A. LOMBARD, Judge Pro Tempore MOON LANDRIEU).
EDWIN A. LOMBARD, Judge.
Appellant, William Ewing Hester, III, appeals a judgment of October 1, 2002, which reduced but did not revoke his support obligation pursuant to Article 229 of the Louisiana Civil Code. Appellant contends that his support obligation for his handicapped daughter, Amanda Hester, should have been revoked entirely based on her full-time employment; and, that the reduction or revocation of his support obligation should be retroactive to the date he filed his modification motion. For the reasons that follow, we affirm the judgment of the trial court.

Pertinent Facts and Procedural History
In 1996, Mrs. Hester filed a rule pursuant to C.C. Art. 229 seeking alimony for Amanda, who turned 19 in December, 1995 and, as such, was no longer eligible for child support under LSA-R.S. 9:315. After a hearing in 1997, the trial court rendered judgment determining that Amanda had a mental disability that entitled her to C.C. Art. 229 support. Mr. Hester was ordered to pay to Mrs. Hester a monthly sum of $932.00 for support for Amanda. Further, the court ruled that Amanda's tuition and expenses for a program for disabled adults she was attending in Alabama was to be paid from an account Mr. Hester established and funded in the 1980's in Amanda's name. The judgment provided that the alimony award was to remain in effect until Amanda completed the program, at which time it was to be reexamined to determine Amanda's ability to support herself and if continued support was needed.
Amanda returned to New Orleans in 2000 and has resided with her mother continuously since that time. She obtained permanent, full-time employment as a mail clerk/delivery person in the appellant's law firm on July 17, 2001, earning a gross monthly income of $1,360.00. In September 2001, Ms. Hester became eligible to receive health benefits as a full-time employee.
In September 2001, Mr. Hester sought a revocation or alternatively a reduction in his C.C. Art. 229 support obligation alleging as a change in circumstances, that his daughter was now gainfully employed and earning sufficient income to provide for her basic needs within the meaning of C.C. Art. 229. A hearing was held in September 2002 and the trial court rendered a *861 judgment in October 2002 reducing Mr. Hester's payments from $932.00 per month to $275.00 per month. The court declined to make the reduction retroactive to the date of filing.

Standard of Review
"The conclusion that plaintiff is in such physical condition as to support her claim for alimony as a matter of law is essentially a factual conclusion by the trial judge which should not be disturbed in the absence of manifest error." Harrison v. Harrison, 405 So.2d 1115, 1116-1117 (La. App. 4th Cir.1981).

Discussion
The first issue before the court is whether the trial court erred in reducing, rather than revoking entirely, appellant's support obligation under Article 229 of the Louisiana Civil Code for his mentally challenged adult daughter, Amanda Hester. The pertinent code articles applicable to this case, where the child is over nineteen years of age, are La. C.C. arts. 229-232. They state:
Article 229. Reciprocal alimentary duties of ascendants and descendants
Children are bound to maintain their father and mother and other ascendants, who are in need, and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal. This reciprocal obligation is limited to life's basic necessities of food, clothing, shelter, and health care, and arises only upon proof of inability to obtain these necessities by other means or from other sources.
Article 230. Scope of alimentary obligation
A. By alimony we understand what is necessary for the nourishment, lodging, and support of the person who claims it.
Article 231. Basis for granting alimony
Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.
Article 232. Reduction of alimony or discharge from payment
When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.
If Amanda is to recover support under La. C.C. Art. 229, she must prove that she is in need of life's basic necessities, and that she is unable to obtain those necessities by other means or from other sources.
Before determining whether a claimant is entitled to Art. 229 support, Art 230 requires us to first understand the claimant's necessities. Each case must be considered on its own facts. See In re Tutorship of Blanque, 700 So.2d 1077, 1080 (La.App. 5 Cir.1997). The trial court heard and weighed all the evidence regarding Amanda's disability and limitations and concluded that she was the type of person Art. 229 was enacted to protect. We agree.
Amanda is mentally disabled. She suffers from Tourette's syndrome, obsessive-compulsive disorder and Ausberger's disease. The record reflects that Amanda is still dependent on her mother for housing, clothing and transportation. As a severely mentally disabled adult, Amanda's needs are far different from and greater than those of a less disabled person.
There is no doubt that Amanda has disabilities. Mr. Hester argues that Amanda's *862 handicap has not prevented her from obtaining and maintaining employment and that this employment provides her with other means or other sources from which to obtain her necessities. This Court believes her employment at her father's law firm to be of doubtful propriety and is not convinced that Amanda would be employable there if Mr. Hester were not a partner. The only evidence regarding Amanda's employability was inappropriate and self-serving testimony in front of this Court from one of appellant's counsel, also a partner in Mr. Hester's firm.
We disagree with Mr. Hester's argument that a mailroom job with monthly gross pay of $1,360.00 is sufficient to support a severely disabled adult. Should her mother be unable to care for her, Amanda would not be able to support herself. There is nothing contained in the statute or case law that requires Amanda to be completely disabled or entirely unemployable in order to qualify for support.
As a result of Amanda's employment Mr. Hester was entitled to a discharge or reduction of his support obligation under La. C.C. Art. 232. Accordingly, the trial court substantially reduced Mr. Hester's monthly obligation by seventy percent (70%), from $932.00 to $275.00.
Next, Mr. Hester argues that the trial court abused its' discretion in not making the reduction retroactive to the date he filed his modification motion. La. R.S. 9:310 and 9:315.21 provide that an original award of a support obligation or any modification to said award shall be made retroactive to the date of filing, unless there is good cause shown to make the award effective on some other date.
The trial judge discussed her decision at length on the record and reasoned that Amanda is in need of every dollar that she has; and, making the reduction retroactive and requiring reimbursement of approximately $7,500.00 would be penalizing her by further reducing the income going into the Hester household for Amanda's long-term support. We do not find it necessary to disturb that judgment.
After reviewing the applicable law and facts contained in the record, we find no error in the trial court's finding that Amanda met her burden of establishing her need and entitlement to La. C.C. Art. 229. We also find that there was no abuse of discretion in the trial court's refusal to make the modification retroactive. Reversal is not warranted.
Turning to Mrs. Hester's answer to the appeal in which she seeks attorney's fees and sanctions, we find that there is no economic justification for this appeal. The record reflects that Mr. Hester's economic status is such that the support payments of $275.00 will cause no inconvenience, much less hardship. That fact, along with the legal argument used in support of this appeal, indicate that this appeal was intended to harass Mrs. Hester and cause her to incur additional unnecessary legal expenses. It appears that this appeal is part of the pattern of "delays" that has led to sanctions by this Court against Mr. Hester on more than one occasion. This Court has no more tolerance for appellant's repeated abuse of the judicial system in light of the extensive history of the case and the tactics Mr. Hester has employed throughout the litigation.
For the foregoing reasons the judgment appealed from is affirmed. Appellee's request for attorney's fees and sanctions is granted in the sum of twenty thousand ($20,000.00) dollars.
AFFIRMED WITH SANCTIONS.