# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CONTINUING TUTORSHIP OF
M.A., A PERSON WITH AN
INTELLECTUAL DISABILITY

NO. 2020 CW 1190

**DECEMBER 30, 2020**

In Re: S.A. and S.A., applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 108472.

BEFORE: WHIPPLE, C.J., GUIDRY, McDONALD, McCLENDON, WELCH, HIGGINBOTHAM, THERIOT, HOLDRIDGE, CHUTZ, PENZATO, LANIER, AND WOLFE, JJ.

WRIT DENIED.

VGW
JMG
JMM
PMc
JEW
MRT
AHP
WIL

**Holdridge and Chutz, JJ.,** concur. The relators, parents of a child who has reached the age of eighteen, no longer have parental authority over their child. La. Civ. Code art. 221. In order for the parents to be able to deprive their child, who is eighteen, of making her own decisions concerning her person and property, the same procedures as established for interdiction must be followed. La. Civ. Code arts. 356, 389, 390; La. Code of Civ. P. art. 4541 et seq.

**Higginbotham and Wolfe, JJ.,** dissent and would grant the writ. The petition for continuing tutorship was filed prior to M.A. reaching the age of eighteen. La. Civ. Code art. 355 provides that the parents may file such a petition when a person above the age of fifteen meets the requirements stated therein, thereby referencing the time of filing the petition. See also **In re Tutorship of Blanque,** 97-249 (La. App. 5th Cir. 9/30/97), 700 So.2d 1077, 1082, n.1, writ denied, 97-2744 (La. 1/16/98), 706 So.2d 979.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT